JENNINGS and others *v.* KIBBE and others.*

*(Circuit Court, S. D. New York. February 20, 1882.)*

1. LETTERS PATENT FOR DESIGNS—TEST OF IDENTITY.

The true test of identity between two designs is their sameness of effect upon the eye of an ordinary observer, bringing to the examination of the designs that degree of observation which men of ordinary intelligence give.

2. SAME—EVIDENCE OF IDENTITY—COMPARISON BY COURT.

Where, in a suit upon design patents, the only proofs introduced were the patents and the alleged infringing article, *held,* that the designs being of a simple character, the absence of testimony as to identity did not make it improper for the court to compare them and determine the question of identity from such comparison.

*Semble* this practice is not to be extended to all patents for designs.

In Equity.

*A. v. Briesen,* for plaintiffs.

*J. R. Bennett,* for defendants.

BLATCHFORD, C. J. This suit is brought on the letters patent for designs. One is No. 10,388, granted to Abraham G. Jennings, for 14 years, on January 1, 1878, for a "design for lace purling." The other is No. 10,448, granted to Warner P. Jennings, for seven years, on February 12, 1878, for a "design for a fringed lace fabric." The specification of No. 10,388 says:

"Figure 1 represents a photographic illustration of my new lace purling. Figure 2 is a photographic illustration of the same design made of coarser thread. This invention relates to a new design for a lace fabric, and consists in providing the pillars thereof with more or less irregular, laterally-projecting loops, thereby imparting to the entire fabric a puckered, wavy, purl-like appearance, which is indicated in the photograph. The loops on the pillars are placed close together to increase the effect."

*Reported by S. Nelson White, Esq., of the New York bar.

The claim is this:

"The design for a lace purling, the pillars whereof are provided with irregular, laterally-projecting loops, substantially as shown."

The specification of No. 10,448 says:

"The accompanying photograph illustrates a face view of my new design. This invention relates to a new looped fringe applied in series to lace fabrics. A represents the lace fabric of usual kind. B B are the disconnected fringes applied thereto. Each fringe, B, is formed with loops at both sides of a central stem or rib along its entire extent, as shown, thus producing a peculiar full and yet loose effect. The fringes are arranged in series of rows, and suspended from the lace fabric."

The claim is this:

"The design for a lace fabric provided with disconnected doubly-looped fringes, B, leaving loops at both sides of a central stem or rib, substantially as shown."

The answer denies infringement, and sets up various defences to both patents. In taking proofs for final hearing, the counsel for the defendants being present, the plaintiffs put in evidence the two patents and assignments to the plaintiffs, and a "nubia." The counsel for the defendants admitted, on the record of proofs, that the said nubia was purchased from the defendant firm prior to the commencement of this suit. The plaintiffs then rested their case. The defendants took no testimony. The plaintiffs bring the case now to final hearing, on the foregoing evidence, without introducing any witness to show the identity of design between what is found in said nubia and in the plaintiffs' patents. The defendants contend that it is not sufficient for the plaintiffs to show merely the sale of the nubia by the defendants, and to leave the court to inspect the nubia and compare it with the patents, but that the plaintiffs must produce a witness to testify to identity of design.

In *Gorham Co.* v. *White,* 14 Wall. 511, the supreme court considered directly the question of identity in regard to a patent for a design. It held that the true test of identity of design is sameness of appearance,—in other words, sameness of effect upon the eye; that it is not necessary that the appearance should be the same to the eye of an expert, and that the test is the eye of an ordinary observer, the eyes of men generally, of observers of ordinary acuteness, bringing to the examination of the article upon which the design has been placed that degree of observation which men of ordinary intelligence give. The court compared, in that case, the design of the patent with the

designs on the defendants' article, and arrived at the conclusion from such comparison that the designs of the defendants were, in their effect as a whole, notwithstanding variances, substantially the same as the design of the patent and infringements. In addition to this there was the testimony of witnesses on both sides on the question, and the court was of opinion, also, that the testimony proved the infringements.

In view of the proper test of identity, as above given, and of the simple character of the designs in the present case, and of the absence of any testimony on the part of the defendants, I am of opinion that the absence of testimony as to identity does not make it improper for the court in this case to compare the defendants' nubia with the patents, as to design, and determine the question of identity from such comparison. It is not intended to imply that the practice can be extended to any other patent than one for a design, or that it ought to be extended to all patents for designs.

On such comparison it is found that the defendants' nubia infringes both of the patents, and a decree in the usual form in favor of the plaintiffs, with costs, will be entered.