KRAUS *et al.* v. FITZPATRICK *et al.*

(*Circuit Court, S. D. New York.* Febuary 24, 1888.)

PATENTS FOR INVENTIONS—DESIGN PATENTS—CORSETS—PATENTABILITY.
    The design patent No. 13,620, dated February 13, 1883, and granted to Frank Walton, being a design for corsets, readily distinguishable by ordinary persons from those of any prior design, is valid.

In Equity. On bill for injunction.

Bill for injunction by Leopold Kraus *et al.* against James G. Fitzpatrick *et al.*, for infringement of design patent No. 13, 620, dated February 13, 1883.

*Robert H. Duncan,* for orators.
*Lawrence E. Sexton,* for defendants.

WHEELER, J. This suit is brought upon design patent No. 13,620, dated February 13, 1883, and granted to Frank Welton, assignor to the orators, to run seven years, for a corset. The principal features of the design, as specified in the claim, are a ribbed band at the lower edge, extending from the extreme front up over the hip, and down to the rear portion, and a series of ribs each side of the central hip line, beginning at the top and extending downward, and diverging onto the ribbed band. The shape given to the corset by extending the lower edge up over, instead of around, the hip, appears to add to the utility of the corset as an article of manufacture, as well as to its appearance. The patent is not, however, for an article of manufacture as such, which would have to be taken out under other provisions of the law than those relating to design patents; but is merely for the new appearance given to the article by constructing it according to the design. But the fact that a corset made according to the design would have that utility would not appear to make the design any the less patentable, if in itself, as a design, it was sufficiently new. The test of infringement of a design patent appears to be the existence of such similarities as will lead ordinary persons to think the articles in question are the same. *Gorham Co.* v. *White,* 14 Wall. 511; *Jennings* v. *Kibbe,* 20 Blatchf. 353, 10 Fed. Rep. 669. The test of novelty would, therefore, appear to be the existence of such differences between articles embodying the patented design and those existing before as would be recognized by the same class of persons. *Lehnbeuter* v. *Holthaus,* 105 U. S. 94. The nearest approach to the design of this patent shown by the evidence, and the one most relied upon by the defendants, is that shown in the patent to Paul T. Hertzog, No. 12,773, dated February 21, 1882. That has the ribbed band at the lower edge, but not extending up over the hip so far; and it does not have the series of ribs, distinguishable from the rest, on each side of the hip line. Most of the special features of this design are to be found, separately, in prior things, but they are nowhere combined so as to make such an effect as a whole; and that is what is to be looked at. *Perry* v. *Starrett*

3 Ban. & A. 485. As a matter of fact, in this view, it clearly enough appears that corsets of this design would be readily distinguishable by ordinary persons from those of any prior design. The patent appears, therefore, to be valid. Infringement is not disputed, and is clear; so clear that it shows the results of copying. The orators are, therefore, entitled to a decree.

Let a decree be entered that the patent is valid; that 'the defendants infringe; and for an injunction and an account according to the prayer of the bill, with costs.