## STEARNS *v.* BEARD.

### (*Circuit Court, N. D. New York.* May 11, 1891.)

PATENTS FOR INVENTIONS—NOVELTY.
Letters patent No. 16,031, issued April 7, 1885, to Edward C. Stearns, for a design for the casing of a hay-fork pulley, consisting of side plates having a ring and hubs, central ribs, laterally projecting ears and marginal beads, are not void for want of patentable novelty.

In Equity.
*Hey & Wilkinson,* for complainant.
*Smith & Dennison,* for defendant.

COXE, J. This is an equity action of infringement, based upon letters patent No. 16,031, granted to the complainant April 7, 1885, for a design for the casing of a hay-fork pulley. The claim is as follows:

"The design for the casing of a hay-fork pulley, consisting of ∴ le plates, *c*, having a ring, *b*, and hubs, *d*, central ribs, *e*, laterally-projecting ears, *f*, and marginal beads, *g*, substantially as shown and described."

The defense is lack of patentable novelty. Infringement is conclusively proved. Pulley-casings, of course, were old. A pulley cannot operate without the casing. The record shows many different forms of casing, each, in general conformation, bearing a resemblance to every other. Necessarily this must be so. A new design for a pulley-case will resemble old pulley-cases just as a new design for a watch-case will resemble old watch-cases. If patents for designs are to be subjected to the test insisted upon by the defendant very few could survive the ordeal. In almost every instance these designs are made up of new combinations of old figures, forms, and structures taken from nature or art. In such cases it is not sufficient for the infringer to show that every line or curve or conformation, considered separately, is old; he must show that the design itself is old. He must prove that some one prior to the patentee had produced a similar design, a design which left a similar impression upon the eye. If a person by the exercise of his own inventive faculties produces a new design for a manufacture which possesses beauty and symmetry, and leaves a novel and pleasing impression upon the eye, if it creates for articles which embody it a popular demand, and thus secures to its originator a certain advantage over his competitors in trade, such a design is entitled to protection. *Perry* v. *Starrett*, 3 Ban. & A. 485; *Simpson* v. *Davis*, 12 Fed. Rep. 144; *Eclipse Co.* v. *Adkins*, 44 Fed. Rep. 280; *Miller* v. *Smith*, 5 Fed. Rep. 359; *Kraus* v. *Fitzpatrick*, 34 Fed. Rep. 39; Walk. Pat. § 64. Tested by this rule it is thought that the patent must be sustained. The design of the complainant has many points which clearly distinguish it from the exhibit which is said to resemble it most closely. It created a demand for complainant's pulleys, and made them popular with the trade. The defendant could have chosen any of the casings introduced in evidence with perfect propriety and safety. He could have invented a casing of his own; he had the prior art and the whole material universe from which to select a design. This he did not do. What he did do was to appropriate the complainant's design down to the most minute particulars. He did this intentionally, with full knowledge of what the complainant had done, and the presumption from his acts and language is well-nigh conclusive that he did it with the deliberate purpose of securing to himself the benefits of the complainant's labor. It is unnecessary to characterize his acts further than to say that they certainly do not commend him to the favorable consideration of a court of equity. The patent is simple and the controversy comparatively trivial, but the complainant having originated a meritorious and popular design is entitled to protection. There should be a decree for the complainant.