## MILLER et al. v. HANDLEY.

(Circuit Court, E. D. Missouri, E. D. March 31, 1894.)

No. 3,556.

1. PATENTS—NOVELTY AND INVENTION—SEWING MACHINES.

Improvements in a particular make of sewing machine, which overcome a recognized defect existing for nearly a year after the machine is put upon the market, and render it so much more serviceable and salable as to materially increase the demand, must be considered as involving an invention, although the change from existing devices is comparatively simple, it appearing that these devices, though known to expert mechanics in the manufacturer's employ, did not suggest the improvement to them.

2. SAME—PRIOR USE.

In considering testimony of prior use it is a safe rule to give great weight to the presumption created by the patent, and hold it valid unless a prior public use is shown by evidence of facts or circumstances so persuasive as to leave no room for doubt.

3. SAME—PARTICULAR PATENT.

The Miller patent, No. 419,863, for a "revolving hook machine," being an improvement in sewing machines, held to show novelty and invention, and not to have been anticipated.

This was a suit by Anthony Miller and John T. Corn against William W. Handley, the St. Louis agent for the Wheeler & Wilson Manufacturing Company, for infringement of letters patent No. 419,863, granted January 21, 1890, to complainant Miller. Complainant Corn is assignee of a one-half interest in the patent. On final hearing.

The patent is for a "revolving hook machine," the claim being: "The combination, with the stitch-forming mechanism of a rotary hook machine, of a supporting slide ring and means for locking the same in any adjusted position and a bobbin cover; the former provided with two projections on its inner engaging surface, separated a suitable distance, and the latter provided with a single projection upon its outer engaging surface, vibrating between and alternately engaging the two upon the slide ring, whereby the cover is allowed only a limited rotary movement, substantially as shown and described." The invention set forth in the claim is particularly applicable to the ring slide and bobbin cover of a No. 9 Wheeler & Wilson sewing machine, made by the Wheeler & Wilson Manufacturing Company, of Bridgeport, Conn., and sold by William W. Handley, agent for said company in St. Louis, Mo. The object of the invention is to prevent the threads from tangling in the lower sewing mechanism when the machine is started to sew. Before this invention was applied to the No. 9 Wheeler & Wilson machine, the operator had to hold the ends of the thread until the machine had taken two or three stitches. This invention obviated this necessity.

The device sold by defendant on the Wheeler & Wilson No. 9 machine is almost identical with that shown in the patent, the only difference being that, instead of two projections on the inner surface of the slide ring, a notch is cut, into which the finger on the bobbin cover is received and allowed a slight play, to permit the passage of the loop around the bobbin, but which prevents the bobbin cover from turning with the hook, which turning of the bobbin cover causes the thread to tangle. Defendant's device is made in substantially the same way, to meet the same conditions, and accomplish the same result as the device shown, described, and claimed in complainants' patent.

Paul Bakewell and F. R. Cornwall, for complainants.

Silas B. Jones and James H. Lange, for defendant.

THAYER, District Judge. The time at my disposal will not permit me to express my views in detail with respect to all of the ques-

tions at issue in this case, although I have considered them attentively. I shall therefore be compelled to make a brief statement of the conclusions reached and the principles applied, without elaboration or argument.

1. It is manifest from the testimony that there was a defect in the Wheeler & Wilson sewing machine No. 9, which was discovered very shortly after it was put upon the market; that this defect was not remedied for the space of about one year, and that in the mean time it interfered to a considerable extent with the ready sale of the machine. The improvement suggested by Miller in the structure of the slide ring and bobbin cover, which improvement consisted in adding a slight projection to the bobbin cover and two stops to the slide ring, to prevent the rotation of the bobbin cover in either direction beyond a certain point, immediately obviated the existing difficulty, and enabled the operator to start the machine without holding the thread with the hand to prevent it from becoming tangled, as it had been necessary to do theretofore. The utility of the Miller device is demonstrated by the fact that the defendant company at once applied it, when it became known, to all of its No. 9 machines, and is still using it. It is also a fair inference from the testimony that the use of the new device has enhanced the sale of the defendant's machine to a considerable extent by obviating an objection which customers of the defendant company and rival dealers and manufacturers were in the habit of making to the Wheeler & Wilson instrument. It is not shown that the increased demand for the machine from 1888 to 1892 was occasioned by other causes, hence it is fair to assume that it was due in some measure to the use of the Miller device, which rendered it more serviceable and salable. While the Miller device is very simple, and while other patents show devices which approach the Miller device very closely, yet it appears from the testimony that expert mechanics in the employ of the defendant company, who were familiar with the older devices, did not for a considerable period discover the applicability of these older devices to the No. 9 Wheeler & Wilson machine as a means of overcoming the defect which had been found to exist in that machine. Moreover, it may have been (although the court does not decide that such was the fact) that the model of the improvement which was eventually forwarded to the defendant from its Cincinnati office was made from knowledge which its Cincinnati agents had acquired from some source with respect to Miller's proposed improvement. In view of the foregoing considerations, the court has concluded that there is such evidence of invention and patentable novelty as will suffice to sustain the Miller patent, and that the plea to the contrary should be overruled.

2. The evidence shows with certainty that Miller had perfected his invention about the middle of October, 1888, and that he may have had the idea in mind at a much earlier date, but at what precise time the evidence does not disclose with certainty. The testimony in this latter respect is quite unsatisfactory. The same may be said, however, of the defendant's testimony, which tends to show a prior public use of the invention as early as August, 1888. Some

circumstances are disclosed by the record which lead the court to entertain doubts whether the Cincinnati agents of the defendant had constructed and successfully and publicly applied the Miller device to the No. 9 machine as early as August, or even September, 1888. When parties, as in the present case, are each interested in carrying the date of the discovery of an improvement in a machine as far back as possible,—the one for the purpose of supporting a patent, and the other for the purpose of invalidating it,—the testimony on both sides, for obvious reasons, must be scanned with the greatest caution. Perhaps there is no safer rule in such cases than to give great weight to the presumption created by the patent and to treat it as valid, unless the party seeking to overthrow it shows a prior public use of the invention by evidence of facts or circumstances which are so persuasive as to leave no room for doubt or controversy. Applying these principles to the case at bar, the court has reached the conclusion that defendant's evidence is insufficient to establish such a prior public use as will defeat the patent.

3. With respect to the defense of anticipation, it is quite sufficient to say that I do not find in any of the prior patents the exact combination which Miller claims in his patent, No. 419,863. The nearest approach to an anticipatory device is to be found in the Farrar, Van Sant, and Post patents, Nos. 136,314, 172,676, and 281,296. It may be conceded that all of these patents show devices which very closely approach the complainants' device, but the identical combination claimed cannot be found in either. In neither of these patents is it stated that the object of the alleged anticipatory device therein shown was to prevent the tangling of the thread, nor is it apparent that such devices were applicable to the Wheeler & Wilson No. 9 machine without a modification in the form of the device such as Miller proposed. A more important consideration is the fact that these old devices did not for some months suggest a remedy for the defect in defendant's No. 9 machine, although they appear to have been well known to the defendant company and to its machinists.

While the case is not free from doubt, because it is difficult to say in view of the prior state of the art whether the improvement in question rose to the dignity of an invention, yet the views heretofore expressed must result in a decree for the complainants, and it is so ordered.