JAMES E. TOMPKINS CO. v. NEW YORK WOVEN WIRE MATTRESS CO.

(Circuit Court, S. D. New York. May 3, 1907.)

PATENTS—INFRINGEMENT—DESIGN FOR BEDSPRING.

The Tompkins design patent, No. 37,649, for a design for a bedspring. held to disclose patentable novelty and invention, and also to be infringed by a spring which, while not an exact copy of that of the patent, is sufficiently like it to deceive purchasers who give it ordinary observation.

In Equity. On final hearing.

J. E. Hindon Hyde, for complainant
Charles C. Gill, for defendant.

HAZEL, District Judge. This action relates to the infringement of letters patent No. 37,649, dated November 7, 1905, and granted to Daniel I. Tompkins, complainant's assignor, for a design for a bed-

spring. A drawing of the design attached to the patent fairly indicates the intention of the patentee to impart to the bedspring an original and attractive appearance and a somewhat different character from prior designs and thereby to enhance its salability. This object was accomplished by correlating elements found in the prior art and arranging them to produce a novel and pleasing visual impression, which I think distinguishes the design from the prior spring mattresses. Such distinguishing features arise from the patentee's method of adjusting the wire strands or stripes in connection with a peculiar kind of diagonal or open weaving. The stripes of wire which extend lengthwise of the mattress, together with the open and closed woven wire of uniform width also extending lengthwise, are arranged to alternate between the outer edges of the fabric, while at the edges the woven strands are coiled to form a heavy border resembling a rope drawn taut. The novelty of the design is not seriously controverted by the expert witness for the defendant, and its commercial salability, owing to its attractiveness, is established by several witnesses testifying for the complainant. Infringement is stoutly denied by the defendant, which claims that its design originated in the prior art. The well-established rule which must control the disposition of this case is thus clearly stated by the Supreme Court in the case of Gorham Co. v. White, 14 Wall. (U. S.) 511, 20 L. Ed. 731:

"We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

It is immaterial that the complainant has not manufactured the identical design in all its particulars. New York Belting & Packing Co. v. New Jersey Car Spring & R. Co. (C. C.) 48 Fed. 556; Stearns v. Beard (C. C.) 46 Fed. 193; Wood v. Dolby (C. C.) 7 Fed. 475; Jennings v. Kibbe (C. C.) 10 Fed. 669. The claimed modifications of the design have not given to it a different appearance, shape, or conformation. According to the drawing, the patent has 10 longitudinal strands in addition to the border, between which are shown 8 lengths of open wire and 3 of closed wire netting. The commercial article of the complainant, as shown by the exhibit in evidence, has 16 strands or bands of wire, and 11 open and 6 closed meshes. These differences in details do not alter the general effect created by the design patent for a bedspring, and in my opinion are not material. The essential elements of the patent are the bands of closed and open woven wire of uniform width extending lengthwise of the bedspring, the strands adjusted lengthwise through the weaving, and the coils of wire of larger diameter on the edges of the bedspring. By ingeniously adjusting the said elements in the manner shown in the patent a distinctive appearance pleasing to the eye of the intending buyer is conveyed.

To negative infringement, the defendant contends that complainant's exhibit "defendant's bedspring," which is claimed to infringe the patent in suit, was manufactured by the defendant at the special request of complainant's agent, who was instructed to secure evidence of infringement. That the design was specially ordered or approved

by such purchasing agent is not shown, and, if it were so shown, the defendant could not escape the charge of infringement. Chicago Pt. Co. v. Phila. Pt. Co. (C. C.) 118 Fed. 852. In my opinion the design in suit possesses characteristics which distinguish it from the bedsprings of the prior art. I have inspected the Regent spring and the other exhibits and compared them with the fabric of the patent in suit, and I am satisfied by the proofs that because of the arrangement of the wire weaving intending purchasers of complainant's bedspring could easily distinguish one from the other. The defendant's spring (complainant's exhibit, August 13, 1906) is thought to embody the design of the Tompkins patent, although concededly it is not an exact reproduction. The addition of woven strands extending longitudinally through the open netting has not materially altered the appearance or resemblance of the defendant's spring to that of complainant, and ordinary purchasers viewing them apart would be misled by such resemblance.

Complainant is entitled to a decree restraining the defendant from infringement of the patent in suit, with costs. No accounting is decreed; the complainant having failed to mark its patented article in conformity with section 4900 of the Revised Statutes [U. S. Comp. St. 1901, p. 3388].