## IN RE SHERMAN.

PATENTS; PATENTABILITY; DESIGNS.

1. While in a close case involving the question of patentability, utility may be given some consideration, the real question is whether there is such originality shown as to call for the exercise of the inventive faculty. (Following *Re Tournier*, 17 App. D. C. 481.)
2. A design is not patentable which consists of an iron nail having a mushroom-shaped head and a circular protuberance on the convex side of the head.

No. 605.   Patent Appeals.   Submitted March 8, 1910.   Decided April 5, 1910.

HEARING on an appeal from the decision of the Commissioner of Patents, denying an application for a design patent.

*Affirmed.*

The facts are stated in the opinion.

*Messrs. Alexander & Dowell* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from the decision of the Commissioner of Patents, denying appellant, Howard B. Sherman, a design patent on a nail, the ground of the decision being lack of patentable novelty.

The design which appellant seeks to patent consists of an ordinary nail having a mushroomed-shaped head and a circular protuberance on the convex side of the head. In other words, appellant's nail materially differs from the prior art solely by reason of said protuberance which, he contends, "imparts an

ornamental finish to the nail." In his brief he states "the 'circular knobbed head' is the novel characteristic and distinctive feature of appellant's design."

The right to a design patent under sec. 4929, U. S. Rev. Stat., U. S. Comp. Stat. Supp. 1909, p. 1274, depends upon whether the person applying "has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof," etc. Prior to May 9th, 1902, when said section was amended, the invention must have comprised a "new, useful, and original shape or configuration of any article of manufacture." [U. S. Comp. Stat. 1901, p. 3398.] It will be observed that in the statute as amended the word "useful" is omitted and the word "ornamental" is inserted. It would seem that the purpose of this change was to more carefully differentiate design patents from mechanical patents. While in a close case utility may be given some consideration, the real question is whether there is such originality shown as to call for the exercise of the inventive faculty. *Smith* v. *Whitman Saddle Co.* 148 U. S. 674, 37 L. ed. 606, 13 Sup. Ct. Rep. 768; *Re Tournier,* 17 App. D. C. 481.

While it is quite possible that appellant has produced a better and perhaps a more attractive nail than the nail of the prior art, we quite agree with the tribunals of the Patent Office that the distinctive features of his design do not involve invention. Had appellant inscribed a circle upon the convex side of the identical nail and in identically the same place where his "circular knobbed head" appears in the design of his application, it is clear that he would not have been entitled to a design patent. In our view, the projection of the shank of the nail beyond the top of its mushroom-shaped head, as appellant in effect has done, does not constitute an invention of a "new, original, and ornamental design."

The decision of the Commissioner is right and is affirmed. The clerk will certify this opinion as by law required.

*Affirmed.*