PHŒNIX KNITTING WORKS v. BRADLEY KNITTING CO. et al.

(Circuit Court, E. D. Wisconsin. June 15, 1910.)

1. PATENTS (§ 43*)—PATENTABILITY—DESIGNS.

A design is patentable if it presents to the eye of the ordinary observer a different effect from anything that preceded it, and renders the article to which it is applied pleasing, attractive, and popular, even if it is simple, and does not show a wide departure from other designs, or if it is a combination of old forms.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 50; Dec. Dig. § 43.*]

2. PATENTS (§ 45*)—NOVELTY—PRESUMPTION AND BURDEN OF PROOF.

A patent is prima facie evidence of novelty, and a party seeking to overthrow the presumption in its favor must make a case so persuasive as to leave no room for doubt or controversy.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 51–53; Dec. Dig. § 45.*]

3. PATENTS (§ 328*)—INFRINGEMENT—DESIGN FOR NECK SCARF.

The Mead design patent, No. 39,347, for a design for a neck scarf, was not anticipated and discloses patentable novelty; also held infringed.

In Equity. Suit by the Phœnix Knitting Works against the Bradley Knitting Company, J. J. Phœnix, W. B. Tyrrell, and W. H. Tyrrell. Decree for complainant.

This is a suit in equity based upon a design patent No. 39,347, granted to one Mead June 9, 1908, for an original and ornamental design for an article manufactured, to wit, a neck scarf, which patent was thereafter, and before the alleged infringement, duly assigned and transferred to the complainant. The bill sets up infringement by the defendants, and prays for an accounting and injunction. The answer admits the citizenship of the parties, the issuance of the design patent to Mead, denies that Mead was the first or original inventor of the design covered by said patent, denies infringement, denies also that the alleged invention is patentable, and alleges that the said supposed invention and every substantial part thereof had been known to, used, and disclosed in prior publications and patents of the United States long prior to the date of the alleged invention of Mead. Several patents are cited by way of anticipation, that the alleged invention and improvement set out in said patent had been in public use and on sale in the United States prior to the supposed invention by Mead, and more than two years before the application for said letters patent was filed, and the names and addresses of several parties are given as having manufactured and used the said neck scarf. Issue is joined by replication in the usual form. Evidence was offered by the defendants tending to show that the several neck scarfs bearing more or less resemblance to the scarf of Mead had been manufactured by different people in different places. These scarfs were for the most part experimental, were none of them sold or offered for sale, but abandoned. Some of them were given away to operatives in the factory where said experimental scarfs were pro-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duced. Some of them are shown to have been worn by the parties to whom they were given; but the evidence is vague and uncertain as to the extent or character of such use.

Winkler, Flanders, Bottum & Fawsett, for complainant.
Erwin & Wheeler, for defendants.

QUARLES, District Judge (after stating the facts as above). Section 4929, Rev. St. (U. S. Comp. St. 1901, p. 3398) provides:

"Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section forty-eight hundred and eighty-six, obtain a patent therefor."

It was conceded that complainant herein is regularly engaged in the business of the manufacture and sale of a flat neck muffler known as the "Phœnix Muffler," some of which are provided with serrated edges as shown by the exhibits and exhibited in the design of the patent in suit, some of which are provided with straight edges only, or other designs of knitting. Evidence was offered showing that the complainant had extensively advertised this scarf, and had sold as many as 150,000 dozen similar to the two scarfs introduced in evidence by complainant. The law is well settled, as stated by Mr. Robinson in his work on patents (volume 3, p. 727): A design presenting a new appearance to the eye and creating a demand for the goods on which it is impressed is patentable, although simple and resembling other designs. In Untermeyer v. Freund (C. C.) 37 Fed. 342, the law is stated as follows:

"If a design presents a different impression upon the eye from anything that precedes it, if it proves to be pleasing, attractive, and popular, if it creates a demand for the goods of its originator, even though it be simple and does not show a wide departure from other designs, its use will be protected. * * * A design requires invention, but a different set of faculties are brought into action from those required to produce a new process or a new machine. In each case there must be novelty, but the design need not be useful in the popular sense. It must be beautiful. It must appeal to the eye. The distinction is a metaphysical one and difficult to be put in words"—[citing Gorham v. White, 14 Wall. 511, 20 L. Ed. 73].

The test is the appearance to the ordinary observer, not to experts. Kraus v. Fitzpatrick (C. C.) 34 Fed. 39; Redway v. Ohio Stove Co. (C. C.) 38 Fed. 582. This is true even though old forms and familiar objects be combined. If the new design imparts to the eye a pleasing impression, such production is patentable. Eclipse Manufacturing Co. v. Adkins (C. C.) 44 Fed. 280; Smith v. Stewart (C. C.) 55 Fed. 482; General Gaslight Co. v. Matchless Mfg. Co. (C. C.) 129 Fed. 137.

With these principles in mind, the patents set up by way of anticipation, some being for neckties, some for stockings, neck, and chest protectors, do not disclose the design of the patent in suit. The fact that the art of knitting was old, that certain stitches employed were

old, that four-in-hand neckties were old, that various scarfs were old, did not prevent Joseph Mead from furnishing a muffler of the design of the patent which was entitled to protection. The fact that various elements of this scarf were found in various other designs would not defeat his application.

The court was strongly impressed while examining the complainant's samples and the various advertisements thereof in newspapers and magazines that there is something very attractive about complainant's design. It is difficult to describe the peculiar elements which produce this effect. It may, in the language of the trade, be said to be "jaunty," "natty," "smart," "neat." Its lines are graceful. It is not the zigzag stitch alone, it is not the color nor the serrated edges, but what the French would call the "tout ensemble," that is responsible for this pleasing effect. Other scarfs have been exhibited showing various features that seem quite like the scarf of Mead; but they do not awaken the pleasing impression that is so marked in the complainant's design. Some are clumsy and coarse, and none of them approximate the complainant's design as to the general effect on the eye of the ordinary observer.

There is another fundamental proposition of law which has an important bearing upon this controversy. A patent is prima facie evidence of novelty, and this presumption is of great weight. The party seeking to overthrow it must make a case so persuasive as to leave no room for doubt or controversy. Miller v. Handley (C. C.) 61 Fed. 100; Mast, Foos & Co. v. Dempster Mfg. Co., 82 Fed. 327–332, 27 C. C. A. 191. The unsupported oral testimony which will warrant a finding of prior use must be clear and satisfactory. It is always open to explanation. It ought to be sufficient to establish such a use beyond a reasonable doubt. Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450, 36 L. Ed. 154; Deering v. Winona Harvester Works, 155 U. S. 286, 15 Sup. Ct. 118, 39 L. Ed. 153. Many other cases are cited by complainant's counsel which are equally persuasive.

Applying these principles to the evidence in this case, I cannot find that the defendants have discharged the burden which the law places upon them in such a case. It would be a waste of time to consider the evidence in detail. It will be remembered that some of the rules applied to mechanical patents are wholly inapplicable to those for design. In Untermeyer v. Freund, supra, the court say:

"To speak of the invention as a combination, or to treat it as such is to overlook its peculiarities."

In Smith v. Stewart (C. C.) 55 Fed. 481, the court say:

"Such designs generally, if not uniformly, contain nothing new except the appearance presented to the eye by arrangement of previously existing material, such as lines, scrolls, flowers, leaves, birds, and the like. The combination, where several separate objects are employed, need not be, and cannot be, such as this term signifies when applied to machinery. * * * The object sought in a design is a new effect upon the eye alone, a new appearance, and the several parts need not have any other connection than is necessary to accomplish this result."

The scarfs manufactured by defendants appear to be close imitations of the complainant's scarfs. The addition of a V-shaped piece

at the back of the neck, which is not disclosed either when the scarf is worn or packed in the box, will not relieve it from infringement. It is a mere mechanical adjunct which may improve the utility of the scarf by keeping it in place, but which contributes nothing to the appearance of the design.

I am constrained to hold that the complainant's patent has been sustained, and that the same has been infringed.

An interlocutory decree will be prepared in accordance with this opinion.

1. PATENTS (§ 43*)—PATENTABILITY—DESIGNS.

