PHŒNIX KNITTING WORKS v. GRUSHLAW.

(Circuit Court, E. D. Pennsylvania. August 22, 1910.)

No. 537.

1. PATENTS (§ 43*)—PATENTABILITY—DESIGNS.

A design, to be patentable, must be new and original, but this requirement does not preclude the selection and adaptation of an existing form, provided it is more than the exercise of the imitative faculty and the result is in effect a new creation producing a different effect on the eye of the ordinary observer.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 50; Dec. Dig. § 43.*]

2. PATENTS (§ 328*)—INFRINGEMENT—DESIGN FOR NECK SCARF.

The Mead design patent, No. 39,347, for a design for a neck scarf, *held* not anticipated, valid, and infringed, on a motion for a preliminary injunction.

In Equity. Suit by the Phœnix Knitting Works against Samuel Grushlaw, individually and trading under the style of the Pennsylvania Knitting Mills, and also trading under the style of Penn Muffler Company. On motion for preliminary injunction. Motion sustained.

Fraley & Paul, for complainant.
Frank S. Busser and Hector T. Fenton, for respondent.

HOLLAND, District Judge. This is a bill in equity filed to restrain the defendant from infringing design patent No. 39,347, granted to Joseph Mead June 9, 1908, for "a new, original and ornamental design for neck scarfs," which patent was thereafter and before the alleged infringement duly assigned and transferred to the complainant.

The defendant does not deny the charge that he has been making a neck scarf in exact imitation of the one designed by complainant, but sets up nonpatentability, and for the purpose of establishing this defense at the hearing produced a number of articles which have been manufactured for the past 10 or 15 years, containing, as the defendant claims, the same design; that is, a design exhibiting the zigzag or herring bone stitch and the serrated edges. Among the exhibits presented by the defendant were a number of knitted sleeve blanks, which, it is claimed, in all respects as to shape, zigzag stitch, and serrated edge, are exactly similar to the complainant's design, and of which the patent in suit is an exact duplicate. A suit based upon this patent was

instituted in the Eastern District of Wisconsin, and after a final hearing, upon proofs submitted by both sides, Judge Quarles on June 15, 1910, rendered a decision sustaining the patent. It is now urged, however, that the knitted sleeve blanks which contain the zigzag stitch, and serrated edge produced in evidence in the case at bar, were not submitted in the Wisconsin case. An examination of the defendant's record, in the latter case, shows that a great number of articles were placed in evidence containing the very same design found in the knitted sleeve blank. The zigzag stitch and serrated edge are both shown in a girl's jacket, which was in evidence in the Wisconsin case. The zigzag or herring bone stitch appears both in the sleeve and in the side of the jacket, and the serrated edge distinctly appears in the front or side thereof. It is true that the defendant here has shown the use of the herring bone stitch, which necessarily produces the serrated edge, for a great number of years prior to the date of the patent, but there has been no exhibit which shows its use in exactly the same ornamental style which appears in the design in question. The effect upon the eye is entirely different, and in design patents that is the test. It must be new and original, but this requirement does not preclude the selection and adaptation of an existing form, provided it is more than the exercise of the imitative faculty, and the result is in effect a new creation. Smith v. Whitman Saddle Co., 148 U. S. 674, 679, 13 Sup. Ct. 768, 770, 37 L. Ed. 606. The court says:

"The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form and simply put it to a new use any more than he could be permitted to take a patent for the mere double use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty and the result is in effect a new creation, the design may be patentable."

Judge Quarles held that:

"There is something very attractive about the complainant's design. It is difficult to describe the elements which produce this effect. It may in the language of the trade be said to be 'jaunty,' 'natty,' 'smart,' 'neat.' Its lines are graceful. It is not the zigzag stitch alone, it is not the color nor the serrated edges, but what the French would call the 'tout ensemble,' that is responsible for this pleasing effect. Other scarfs have been exhibited showing various features that seem quite like the scarf of Mead, but they do not awaken the pleasing impression that is so marked in the complainant's design. Some are clumsy and coarse, and none of them approximate the complainant's design as to the general effect on the eye of the ordinary observer."

The same can be said of the exhibits presented in this case, especially the similar design found in the knitted sleeve blanks and jacket. While they exhibit the zigzag or herring bone stitch and the serrated edge they are much more clumsy and coarse, and do not "awaken the same pleasing impression that is so marked in the complainant's design." There is evidence of originality and invention in Mead's adaptation of the herring bone stitch and serrated edge to the manufacture of these neck scarfs, and he is entitled to be protected. Others have used the same lines and the same stitch, but they have failed to produce the same design and appearance, and that is the test. The real end to be attained is the impression upon the mind of the observer; that is, the appearance of the substance not in itself nor to an expert,

but to the eye of an ordinary observer. Gorham Co. v. White, 81 U. S. 511, 20 L. Ed. 731; Phœnix Knitting Works v. Bradley Knitting Co., 181 Fed. 163.

Our attention has been called to a suit which had been instituted on this patent in the Second Circuit at New York, and upon motion a preliminary injunction was refused by Judge Coxe. This, however, occurred prior to the final hearing in the Wisconsin case. Phœnix Knitting Works v. Bradley Knitting Co., supra. There had been no adjudication of the patent at the time the question was before Judge Coxe.

The refusal of the New York Circuit Court to award a preliminary injunction under the circumstances is no sufficient reason for this court to withhold its restraining order after the patent has been found to be valid on final hearing upon full proofs. Electric Mfg. Co. v. Edison E. L. Co., 61 Fed. 843, 10 C. C. A. 106. A preliminary injunction against the defendant will be granted.

The defendant, however, insists that he will be able to show his right to manufacture these neck scarfs as now made by him, and that a preliminary injunction at this time will result in loss and damage. In order that he may be assured that he will be protected against any loss in case he is able to establish his claim, the plaintiff will be required to file a bond in the sum of $10,000, conditioned for the payment of any damage which may result to the defendant by reason of the issuing of the injunction against him.

A decree may be prepared in accordance with this opinion.