GRUSHLAW v. PHŒNIX KNITTING WORKS.

(Circuit Court of Appeals, Third Circuit. November 26, 1910.)

No. 1,437.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR NECK SCARF.
     The granting of a preliminary injunction restraining infringement of
     the Mead design patent, No. 39,347, for a design for a neck scarf, *held*
     a proper exercise of the discretion of the court, on the showing made and
     a prior decision sustaining the patent.

Appeal from Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Phœnix Knitting Works against Samuel Grushlaw, individually and trading under the name and style of the Pennsylvania Knitting Mills, and also under the style of Penn Muffler Company. From an order granting a preliminary injunction (181 Fed. 166), defendant appeals. Affirmed.

Frank S. Busser, George J. Harding, and Hector T. Fenton, for appellant.

Fraley & Paul (F. E. Dennett and Henry N. Paul, Jr., of counsel), for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge. This is an appeal from an interlocutory decree of the Circuit Court for the Eastern District of Pennsylvania, granting a preliminary injunction for infringement of design patent No. 39,347, issued June 9, 1908, to one Mead, for a neck scarf. Some time prior to the entry of the order allowing a preliminary injunction in the court below, the patent in suit had been sustained by the Circuit Court of the United States for the Eastern District of Wisconsin, in Phœnix Knitting Works v. Bradley Knitting Company et al., 181 Fed. 163. It now appears that the defendant in the case decided in the Wisconsin court subsequently took out a license, as did also a defendant in another case then pending in New York, but which never came to final hearing because of the adjudication just referred to. The evidence in this case, outside of the introduction of a few patents claimed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to show the prior art, and some exhibits, consists entirely of ex parte affidavits.

The appellant's main point now is that the patent is invalid. His affidavits for the most part are intended to show an alleged anticipation, consisting in the use of the herring-bone stitch and serrated edge in a blank for a sleeve for a sweater; it being claimed that the sleeve blank is of the same design as the neck scarf. It is not conclusively clear, however, that such a sleeve, which at the most constitutes but a small part of a finished sweater, an article of an entirely different character from a neck scarf, is an anticipation of the design patent in suit. It is certain that the sleeve blank loses whatever resemblance it has to the patented design the moment it has become incorporated in and made a part of the sweater for which it was made. All that we intend to say, and all that we need say, however, is that it is not so obvious an anticipation as to warrant us at this time in holding the patent invalid and dismissing the bill of complaint. Whether the sleeve blank of a sweater would suggest to a person skilled in the art that it was adapted for a design for a scarf is a debatable question. The scarf as designed seems to have become very popular, and has met with a large and ready sale.

In view of the fact that the patent had been upheld in the case above noted, and upon the evidence produced on the question of validity and infringement, when the motion for a preliminary injunction was made in the court below, we feel that that court was justified in making the order appealed from. Its discretion was exercised reasonably and justifiably, and that is the question primarily presented by this appeal. Beyond this, we feel that we ought not, at this time, to go. It is quite possible that the case may be further illuminated, and whatever of doubt now exists dispelled. Notwithstanding anything that may have been said herein, it should be distinctly understood that it is not intended thereby to express any definite or controlling opinion upon either the question of the validity of the patent or its infringement.

The decree of the court below is affirmed.