PHŒNIX KNITTING WORKS v. HYGIENIC FLEECED UNDERWEAR CO.

(Circuit Court, E. D. Pennsylvania. January 6, 1911.)

No. 605.

PATENTS (§ 328*)—INFRINGEMENT—DESIGN FOR NECK SCARF.

    The Mead design patent, No. 39,347, for a design for a neck scarf, *held* valid and infringed on motion for preliminary injunction.

In Equity. Suit by the Phœnix Knitting Works against the Hygienic Fleeced Underwear Company. On motion for preliminary injunction. Motion granted. Dissolved on final hearing, 194 Fed. 703.

Winkler, Flanders, Bottum & Fawsett, Henry N. Paul, Jr., and Joseph C. Fraley, for complainant.

Hector T. Fenton, for defendant.

HOLLAND, District Judge. The design patent in suit was sustained on final hearing by the United States Circuit Court, Eastern District of Wisconsin. Phœnix Knitting Works v. Bradley Knitting Co. (C. C.) 181 Fed. 163. Following this decision, this court granted a preliminary injunction on the patent, in the case of Phœnix Knitting Works v. Grushlaw (C. C.) 181 Fed. 166, which order was affirmed by the Circuit Court of Appeals of this circuit. 183 Fed. 222, 105 C. C. A. 484. A number of other courts have granted preliminary injunctions on this design patent.

The suit is instituted for the purpose of restraining an infringement, and on this motion for a preliminary injunction there are in evidence 11 neck scarfs, of various colors and styles which the defendant is making. Ten of these are made in imitation of the plaintiff's design, that is, the body or attractive feature of which is the herringbone stitch and serrated edge, possessing, however, other ornamental features in addition to those shown in the patent, in that certain openwork lines have been produced running the length of the scarf. This is made by causing certain needles to omit knitting. This feature does not materially disturb or alter the attractiveness resulting from the herringbone stitch, which is the ground work and body of the defendant's neck scarf, and gives it its attractiveness; the additional features, in our judgment, adding nothing to the attractive appearance of the scarf. The pleasing impression of the whole article, as we view it, is still due to the zigzag knitting copied from the complainant's design.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The openwork lines running lengthwise of the scarf are not sufficient to avoid an infringement; it is simply a slight change, no doubt intended to avoid the responsibility for copying the patent. The scarf or green muffler marked "273 as 278 S. M." is admittedly not an infringement.

A preliminary injunction will be awarded against the defendant, pending the determination of this cause, to restrain it from making, using, or selling neck scarfs similar to any of those found in the complainant's exhibits of defendant's neck scarfs, excepting the one marked "273 as 278 S. M." The defendant, however, has gone to the expense of making quite a number of designs, and, in order that it may be protected against any loss, should the patent not be sustained on final hearing, the complainant will be required to give bond in the sum of $10,000 to the defendant, conditioned for the payment of any damage which may result to the defendant by reason of the issuing of this preliminary injunction against it.

Let a decree be prepared accordingly.