### KAUFFMAN v. SODEMANN HEAT & POWER CO.

(District Court, E. D. Missouri, E. D. September 20, 1920.)

#### No. 4942.

1. **Patents** ⬥⟿**311—Though answer did not plead anticipation, evidence of prior patents admissible.**

   Notwithstanding equity rule 30 (201 Fed. v, 118 C. C. A. v) 'and Rev. St. § 4920 (Comp. St. § 9466), evidence of prior patents is admissible in an action for infringement notwithstanding the answer did not plead anticipation, for evidence of the prior art is necessary to show what was old, to distinguish what is new and to aid the court in construing the patent.

2. **Patents** ⬥⟿**328—1,170,544, for an improved radiator shield held invalid.**

   Patent No. 1,170,544, for an improved radiator shield, comprising two vertical imperforate brackets, to be placed at the ends of the radiator to

---

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

deflect the heated air vertically, and a horizontal shield above, etc.; being for mere combination and producing no new and novel result, *held* invalid for want of invention.

**3. Patents ☞26(2)—Combination patent to be valid must produce a new result.**

While a new combination of old elements, if it produces a new and useful result, is patentable, the result must be a product of the combination, and not a mere aggregate of several results, each a complete product of one of the combined elements.

**4. Patents ☞328—Design patent, 49,149, for improved radiator shield, held infringed.**

Under the rule that there is infringement, where there exists such similarity between the design and the alleged infringing article as will lead ordinary persons to think the patented and infringing articles are the same, design patent No. 49,149, for an improved radiator shield, *held* infringed.

In Equity. Bill by Samuel Kauffman against the Sodemann Heat & Power Company. Decree for defendant on claim for infringement of mechanical patent, and for complainant for infringement of design patent.

James A. Carr and John H. Bruninga, both of St. Louis, Mo., for plaintiff.

James L. Hopkins, of St. Louis, Mo., for defendant.

FARIS, District Judge. This is an action for injunction and for an accounting by the complainant, as patentee against defendant, a corporation of Missouri, for alleged infringements of the Kauffman mechanical patent, No. 1,170,544, bearing date of February 8, 1916, and the Kauffman design patents, numbered 48,939 and 49,149, bearing dates of April 25, 1916, and June 6, 1916, respectively.

The hearing was by evidence given orally before the court. This evidence tended to show infringement of claims 1, 2, and 8 of the complainant's mechanical patent, if the latter be valid, as also of both of complainant's design patents mentioned supra. Such references to this evidence as may be found necessary to make clear the views entertained will be set out in the discussion.

The case strikes me as being wholly determinable on the question of the validity of the Kauffman patent on the ground of want of novelty in the invention, in view of the state of the art at the time such patent was granted to complainant. I so conclude because I think there is no manner of doubt that, if complainant's patent is not void, defendant is guilty of a palpable infringement.

Three claims are made touching this question of novelty by the patentee. These claims vary but little, and I think, subject to an addendum explanatory of the two omitted, that claim 8, which it is urged is infringed by defendant, may be selected as typical. This claim reads thus:

"An improved radiator shield, comprising two vertical imperforate brackets adapted to be placed at the ends of the radiator in position to deflect the heated air, a vertical shield portion attached to said brackets at the rear of the radiator, and arranged to co-operate with said brackets to deflect the heated

air vertically, a horizontal shield portion extending horizontally above the radiator, a curved shield portion integrally connecting said vertical and horizontal portions, a trough integral with said horizontal portion between said brackets, a passage into said trough below said horizontal portion, and means for preventing the air from carrying the deposits out of said trough."

In addition to the alleged new features shown in claim 8, supra, claim 2 includes—

"a horizontal lithic top member resting upon said horizontal flanges of said brackets and elements holding said top member in position on said flanges."

The answer of defendant did not specifically plead anticipation by former patents, but upon the trial there were offered many prior patents, and also proof of the general use of imperforate side brackets and horizontal lithic tops for years prior to the date of plaintiff's patent.

[1-3] I am fully mindful of the provisions of rule 30 of the Equity Rules (201 Fed. v, 118 C. C. A. v), as also of the provision of section 4920, R. S. (Comp. St. § 9466). But, this rule and this statute notwithstanding, it has been held that—

"Evidence of the state of the art is admissible in actions at law under the general issue without a special notice, and in equity cases without any averment in the answer touching the subject. It consists of proof of what was old and in general use at the time of the alleged invention. It is received for three purposes, and none other, to show what was then old, to distinguish what was new, and to aid the court in the construction of the patent." Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200.

Considering, then, some of the patents offered, as also the proof of prior use in order to ascertain the existing state of the art when complainant took out his patent, and comparing such then existing state of the art with the new things claimed by the patentee here, I find that the "two vertical imperforate brackets adapted to be placed at the ends of the radiator," as well as " a vertical shield portion attached to said brackets at the rear of the radiator, and arranged to co-operate with said brackets to deflect the heated air vertically," are shown in the patent of Miller, No. 334,794, bearing date January 26, 1886. The patent of Goodrich, No. 462,899, bearing date of November, 1891, while specifically for an improved radiator, yet described and illustrated in the accompanying drawings a radiator shield having imperforate side brackets, and having superimposed thereon a marble slab placed on such brackets, so as to form therewith an angle of 90 degrees, just as does the lithic top of complainant in his patent before me. In the description as made in the Goodrich patent, the marble slab was raised above the radiator some inches higher than in the complainant's patent. But Goodrich's specifications did not limit this distance.

Nor does it need citation of authority for the statement that, within ordinary limitations at least, a variation in the mere distance at which a marble slab is placed above a radiator cannot constitute invention. So what is said above touching the Goodrich slab of marble, as well as the facts shown in evidence as to the construction of the radiator niches in the lobby of this court building, as also a similar top, consisting of a

horizontal shield in the English patent of Keith, No. 599,611, issued by the United States on 22d day of February, 1898, show that the "horizontal shield portion extending horizontally above the radiator" is not new, but old. The "curved shield portion integrally connected said vertical and horizontal portions" is shown in the patent of Dixon, No. 543,456, dated July 23, 1895, and in the patent of Coleman, No. 743,-071, dated July 21, 1903. The "trough integral with said horizontal portion between said brackets," the "passage into said trough below said horizontal portions," and the "means for preventing the air from carrying the deposits out of said trough," are shown in the patent of Hawkins, No. 818,026, bearing date of April 7, 1906.

The superimposition above the side brackets of a slab of marble, as further claimed by complainant in his claim No. 2, has been already partially covered above, and shown to be old by a reference to the courthouse lobby radiator coverings, and to the Goodrich and Keith patents. It cannot, I take it, be urged that the method of complainant in fixing the lithic slab on top of the radiator by the use of iron pins which project from the top of the side bracket and engage in holes drilled in the marble slab is new. Such method of affixing otherwise loose lithic slabs to tables and other articles is certainly old.

It follows, I think, that there is no invention in the elements of complainant's structure. But undoubtedly complainant has selected from the old art, all of the seemingly valuable elements thereof, and has made a new combination of them, which combination has produced a shield which differs from its predecessors in the art. If there is invention, such invention consists in the combination of these old elements into a new device which as the proof shows is valuable and popular. If complainant, as an inventor, can claim novelty from the workings of some such a rule, as "He does it last who does it best," then his combination may possess novelty.

In the light of what seems to be a measure of conflict in the rule of law applicatory, the point, last above, is a close and somewhat difficult one. In the case of Owens v. Twin City Separator Co. (C. C.) 168 Fed. 259, it was said:

"It constitutes no anticipation and no defense to a claim of infringement that one or more elements of a patented combination, or one or more parts of a patented improvement, may be found in one old patent or publication, and others in another, and still others in a third. It is indispensable *that all of them, or their mechanical equivalents*, be found in the same description or machine, where they do substantially the same work by substantially the same means."

And likewise in the case of Kryptok Co. v. Stead Lens Co. (D. C.) 207 Fed. 85:

"A patent for a combination is not anticipated nor invalid for lack of invention because an expert may be able to *build up* the patented device by selecting parts taken from the prior art."

I lean, however, as in duty bound, to the rule which was more lately stated in the case of Grinnell Washing Machine Co. v. Johnson Co., 247 U. S. loc. cit. 432, 38 Sup. Ct. 549, 62 L. Ed. 1196. The rule is there stated thus:

" 'It must be conceded that a new combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be a product of the combination, and not a mere aggregate of several results, each the complete product of one of the combined elements. Combined results are not necessarily a novel result, nor are they an old result obtained in a new and improved manner. Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention. No one by bringing together several old devices without producing a new and useful result, the joint product of the elements of the combination and something more than an aggregate of old results, can acquire a right to prevent others from using the same devices, either singly or in other combinations, or, even if a new and useful result is obtained, can prevent others from using some of the devices, omitting others, in combination.' Hailes v. Van Wormer, 20 Wall. 353, 368. In Richards v. Chase Elevator Co., 158 U. S. 299, 302, the rule was stated as follows: 'Unless the combination accomplishes some new result, the mere multiplicity of elements does not make it patentable. So long as each element performs some old and well-known function, the result is not a patentable combination, but an aggregation of elements.' In Specialty Manufacturing Co. v. Fenton Metallic Manufacturing Co., 174 U. S. 492, 498, the rule was again tersely stated: 'Where a combination of old devices produces a new result such combination is doubtless patentable, but where the combination is not only of old elements, but of old results, and no new function is evolved from such combination, it falls within the rulings of this court in Hailes v. Van Wormer, 20 Wall. 353, 368; Reckendorfer v. Fabor, 92 U. S. 347, 356; Phillips v. Detroit, 111 U. S. 604; Brinkenhoff v. Aloe, 146 U. S. 515, 517; Palmer v. Corning, 156 U. S. 342, 345; Richards v. Chase Elevator Co., 158 U. S. 299.' "

I conclude that the rule quoted, supra, from the Supreme Court of the United States, applies to the facts here, and that upon those facts cases seemingly in conflict therewith may be readily distinguished. It is obvious that by the combination of old elements in the radiator shield of complainant no new result has been attained. In the old art the ascending current of heated air was prevented from escaping laterally by imperforate side brackets; it was kept from escaping rearwards, and thus blackening the wall from soot and dust, by a curved rear shield; this soot and dust were caught and retained in a trough or dust catcher; heated air at the breathing plane was thrown out into the room at an angle of 90 degrees with the perpendicular, and the shelf formed by the superimposition of a lithic slab is also old, and was usable for warming articles, or as an ornament to the device.

It follows, therefore, that while it is clear that the radiator shield of defendant is, to adopt the graphic language of complainant's solicitor, nothing but a "Chinese copy" of that of the complainant, no action will lie for infringement, because, in the light of the prior state of the art, there exists, in my opinion, no patentable novelty in the complainant's device.

[4] Coming to so much of the bill as concerns the alleged infringement by defendant of plaintiff's design patents numbered 48,939 and 49,149, and bearing dates, respectively, April 25, 1916, and June 6, 1916, I am of the opinion that the evidence and exhibits show infringement. In deciding whether there is infringement, the courts have announced a simple rule or test which strongly appeals to reason and common sense. That test is: Does there exist such similarity between the design and the alleged infringing article as will lead or-

dinary persons to think the articles in question are the same? Kraus v. Fitzpatrick (C. C.) 34 Fed. 39; Smith v. Whitman Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606; Bevin, etc., Co. v. Starr, etc., Co. (C. C.) 114 Fed. 362; Gorham v. White, 81 U. S. 511, 20 L. Ed. 731. Applying this rule to the radiator shield designs of the defendant and complainant, it is obvious that the observer finds great difficulty in distinguishing one from the other.

I conclude, therefore, that defendant has infringed the design patents of complainant, numbered 48,939 and 49,149, respectively, but, for the reasons stated above herein that there is no infringement of complainant's mechanical patent, numbered 1,170,544, dated February 8, 1916. It follows that the decree for the alleged infringement of complainant's mechanical patent No. 1,170,544 should be for defendant, and that the decree for infringement of design patents of complainant numbered 48,939 and 49,149 should be for complainant.

Let decrees be drawn accordingly.