## In re ELLIOTT.
### Patent Appeal No. 3299.

Court of Customs and Patent Appeals.
April 2, 1934.

Fay, Oberlin & Fay, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed here from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner in refusing to allow the claim in appellant's application for a design patent on what applicant states is termed an "island store" or showcase for containing and displaying automobile accessories.

The references relied upon are: Detroit Show Case Co., "Silent Salesman," Catalogue J—1922, page 4, fig. 106; Wilmarth Show Case Co., Catalogue "L", Copyright 1920, page 46, fig. No. 540.

The position of the Examiner is stated in the following language:

"The basic reference is the first catalogue citation which shows a display case of the same general type. The other reference substantially anticipates the lower portion and base. In the opinion of the examiner, applicant's design involves a bringing together of these old elements without resulting in the creation of a new ornamental appearance. While there are some differences, these differences are not believed to be substantially substantial to involve invention."

The Board, after discussing the different features of the two references, concludes as follows:

"We find in appellant's design no special features of distinction to appeal to the eye

of the observer and whereas his show case is built somewhat differently from those presented by the Examiner, yet we consider that these differences are without patentable merit and are more or less obvious. That quality of invention which is a necessity in design inventions as well as mechanical, seems to us to be lacking in the present design. Northrup v. Adams, C. D. 1877-322."

The appellant here has challenged the correctness of the decision of the Board in using one feature in one reference showcase, and another feature in another reference showcase, both features being somewhat dissimilar in appearance, as proper references upon which to refuse appellant's claim.

The Solicitor for the Patent Office has argued in this court that it did not require invention to combine the similar features in the two references into the design which appellant has presented, and that it required only the skill of the artisan or designer to produce what appellant has produced.

Numerous authorities are cited on both sides of the question, none of which appear to be precisely in point with the facts in this case, although we think the principles of law involved in some of the cases are pertinent to the issues before us.

In order that the position of the Patent Office tribunals may be more thoroughly understood, a somewhat detailed description of applicant's design and those of the references may be helpful. Applicant's showcase has straight lines and square corners. The top half of same seems to be entirely of glass, except for the corners, frames, and latches, and, possibly, the top cover. The showcase consists of two parts—the top and the bottom—both of substantially equal size and similar in shape and dimensions. The bottom portion is closed and without glass. The top half is divided into two equal parts and in the center of each compartment are two glass shelves of different sizes, each supported by four square glass columns. The lower shelf supports the four posts upon which the top shelf rests. The interior of the bottom portion is not shown. The lower half of the case is very plain with clean cut lines and having only two doors.

The first reference, Detroit Show Case Company, "Silent Salesman," catalogue J—1922, page 4, fig. 106, shows a case somewhat similar in size, apparently having less depth in proportion to its width than applicant's case and having a protruding top and bottom and a mid-spaced moulding. It contains some kind of shelves running across the entire length of the upper portion, which shelves are not supported by columns as are applicant's, and have an entirely different appearance. According to the decision of the Board, only the upper portion of this reference is used in the rejection.

The second reference, found in the Wilmarth Show Case Company catalogue, the lower portion of which was used by the Patent Office tribunals in the rejection, consists of a back bar or sideboard having a closed bottom portion made of grained wood in which the graining is well defined. The said bottom portion has several doors of different sizes and shapes. Upon said bottom portion is placed a superstructure having ornamental and oval lines. In the back portion of the upper part of the bar is a large mirror, which has square corners at the bottom and is oval shaped at the top. In front of the mirror are small shelves.

The showcase in the first reference, and the back bar in the second reference, have little similarity in appearance to applicant's showcase, and, as is above pointed out, the parts of the two references relied upon by the Patent Office tribunals, if joined, have little resemblance, except in a very general way, to the two comparable parts of appellant's case. It does not seem to us that the said references may be properly relied upon as a justification for the refusal to allow the claim. It may be that square, straight lined, glass showcases with closed bottoms and glass shelves in the center of the top portion, like applicant's, are old in the art concerned, but, if so, the references do not disclose that fact. Neither the Examiner nor the Board of Appeals have held that either or both of the references when combined, as they have been, show an article similar in appearance to that of applicant. There has been no application of the authority granted to the Examiner under rule 66 of the Patent Office, where facts within the personal knowledge of the Patent Office, although not shown in published form, may be relied upon.

As we understand the attitude of the Patent Office, it is that it did not require invention to put the top of one reference article on the bottom of the other and to make the difference in appearance which is present. It is argued by the applicant that this is applying to applications for design patents the same rigid rule as is applied to mechanical patents, and that such a course is not justified under decisions which are cited.

There is a line of decisions which holds that the degree of invention in the two kinds

of patentable subject-matter differs. Some of the decisions even seem to go so far as to leave out entirely the question of invention.

In Phœnix Knitting Works v. Bradley Knitting Co. (C. C.) 181 F. 163, 164, Judge Quarles said:

"* * * A design presenting a new appearance to the eye and creating a demand for the goods on which it is impressed is patentable, although simple and resembling other designs. * * *

"The test is the appearance to the ordinary observer, not to experts. Kraus v. Fitzpatrick (C. C.) 34 F. 39; Redway v. Ohio Stove Co. (C. C.) 38 F. 582. This is true even though old forms and familiar objects be combined. If the new design imparts to the eye a pleasing impression, such production is patentable. Eclipse Manufacturing Co. v. Adkins (C. C.) 44 F. 280; Smith v. Stewart (C. C.) 55 F. 482; General Gaslight Co. v. Matchless Mfg. Co. (C. C.) 129 F. 137."

What Judge Quarles said in the above quotation is all right as far as it goes, but, according to the weight of authority, it should be added that whatever is done should be inventive since the statute (35 USCA § 73) authorizes the granting of design patents to "any person who has invented any new, original, and ornamental design for an article of manufacture," etc.

Appellant also quotes the following from Dominick & Haff v. R. Wallace & Sons Mfg. Co. (C. C. A.) 209 F. 223, 224:

"* * * The policy which protects a design is akin to that which protects the works of an artist, a sculptor or a photographer by copyright. It requires but little invention, in the sense above referred to, to paint a pleasing picture, and yet the picture is protected, because it exhibits the personal characteristics of the artist, and because it is his. So with a design."

From Mygatt et al. v. Schaffer (C. C. A.) 218 F. 827, 831, the following is quoted:

"* * * It is not necessary in the case of a design patent that the thing to be patented should have been made for the purpose of ornament. It is sufficient that a useful article has been made in such a way as to make it ornamental. * * *"

This court, however, and the Court of Appeals of the District of Columbia, and the great weight of other authority, is to the effect that the creation of a design must involve the exercise of inventive genius in order to be patentable. We do not feel called upon to outline the difference in degree between invention in design patents and in mechanical patents, if there is any, but it is sufficient to hold that it does require more than the skill of the draftsman—it requires the exercise of the inventive faculties. Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L. Ed. 731; Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606; In re Schraubstadter, 26 App. D. C. 331; In re Sherman, 35 App. D. C. 100; In re Walter, 39 F.(2d) 724, 17 C. C. P. A. 982; In re Schierholtz, 45 F.(2d) 283, 18 C. C. P. A. 765; In re Muldoon, 56 F.(2d) 894, 19 C. C. P. A. 1082; Patents for Designs, Shoemaker, § 32.

In the case at bar, the question which confronts us is, In view of the references cited, is appellant's design new and ornamental, and did its production involve invention? We are of the opinion that, as far as the record in this case shows, it either required invention to do what the applicant did, or else there is such reasonable doubt on the subject that when such doubt is resolved in applicant's favor, he is entitled to a patent.

The decision of the Board of Appeals is reversed.

Reversed.

HATFIELD, Associate Judge, did not participate.