DE LAVAL SEPARATOR CO. v. IOWA DAIRY SEPARATOR CO.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1912.)

No. 3,492.

*(Syllabus by the Court.)*

1. PATENTS (§ 62*)—ANTICIPATION—SUFFICIENCY OF EVIDENCE.

The existence and use of an unpatented anticipating device prior to the invention patented may be established by oral testimony only by clear and satisfactory evidence sufficient to prove the facts beyond a reasonable doubt.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 78; Dec. Dig. § 62.*]

---

2. APPEAL AND ERROR (§ 1009*)—REVIEW—FINDINGS OF CHANCELLOR PRESUMPTIVELY RIGHT.

When the chancellor has considered conflicting evidence, and made his finding and decree thereon, they must be taken to be presumptively right; and unless an obvious error has intervened in the application of the law, or some serious mistake has been made in the consideration of the evidence, they must be permitted to stand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. § 1009.*]

3. PATENTS (§ 328*)—PATENT NO. 892,999 TO LJUNGSTROM VOID.

Claims Nos. 4, 5, 6, 7, and 8 of letters patent No. 892,999, for improvements in liners for centrifugal bowls for separating cream from milk, issued to Fredrik Ljungstrom July 14, 1908, on an application filed January 18, 1905, were anticipated by a bowl that was made, tested, and found satisfactory by Wilbur W. Marsh, and put into actual use in the autumn of 1903.

Appeal from the Circuit Court of the United States for the Northern District of Iowa.

Bill in equity by the De Laval Separator Company against the Iowa Dairy Separator Company. From a decree dismissing the bill, complainant appeals. Affirmed.

Frank S. Busser (Harding & Harding and Lacy, Brown & Lacy, on the brief), for appellant.

Frank T. Brown (Arthur L. Sprinkle and Brown & Hopkins, on the brief), for appellee.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree which dismissed a bill for the infringement of claims Nos. 4, 5, 6, 7, and 8 of letters patent No. 892,999, for improvements in liners for centrifugal bowls for separating cream from milk, issued to Fredrik Ljungstrom on July 14, 1908, upon an application filed January 18, 1905. The complainant claimed that Ljungstrom was entitled to the date of the filing of his application for a Swedish patent for the same invention, which was January 27, 1905. The defenses were: First, that in the fall of 1903 three centrifugal bowls, which were introduced in evidence as exhibits, and which embodied the improvements specified in the claims of the patent in suit, were made, tested, and found to work satisfactorily by Wilbur W. Marsh, and that one of them went into actual use to separate cream from milk in the autumn of 1903, and prior to December 1st of that year; second, that the Ljungstrom patent is anticipated by certain Swedish and United States patents of earlier dates than the date of his application for his Swedish patent; and, third, that his Swedish application is not for the same inventions as his patent in suit, and consequently his inventions are not shown to have been made earlier than January 18, 1905, when he filed his application for a patent from the United States, and that this patent is anticipated by earlier patents, notably by patent No. 792,529, for liners for centrifugal liquid separators, issued to Wilbur W. Marsh on June 13, 1905, upon an application filed September 26, 1904. The court below sustained the first defense. Whether its decision was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right or wrong is a question of fact, answered by hundreds of printed pages of testimony and by the three Marsh bowls which have been brought to this court.

[1] The existence and use of an unpatented anticipating device prior to the invention patented may be established by oral testimony only by clear and satisfactory evidence, sufficient to prove the facts beyond a reasonable doubt. The Barbed Wire Patent, 143 U. S. 275, 284, 12 Sup. Ct. 443, 450, 36 L. Ed. 154; Mast, Foos & Co. v. Dempster Mill Mfg. Co., 82 Fed. 327, 332, 27 C. C. A. 191, 196; National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 703, 45 C. C. A. 544, 554; American Bank Protection Co. v. Electric Protection Co. (C. C.) 181 Fed. 350, 357. This is an established rule of law, which was familiar to the judge below, and in the light of which he must have read this testimony, and have found that there was no reasonable doubt that Marsh's bowl was made, tested, found satisfactory, and put into actual use before Ljungstrom made his invention. That finding rests upon a great mass of conflicting evidence.

[2] When the chancellor has considered conflicting evidence, and made his finding and decree thereon, they must be taken to be presumptively right; and unless an obvious error has intervened in the application of the law, or some serious mistake has been made in the consideration of the evidence, they must be permitted to stand. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Evans v. State Bank, 141 U. S. 107, 11 Sup. Ct. 885, 35 L. Ed. 654; Furrer v. Ferris, 145 U. S. 132, 134, 12 Sup. Ct. 821, 36 L. Ed. 649; Warren v. Burt, 58 Fed. 101, 106, 7 C. C. A. 105, 110; Paxson v. Brown, 61 Fed. 874, 883, 10 C. C. A. 135, 141; Stuart v. Hayden, 72 Fed. 402, 408, 18 C. C. A. 618, 624; Coder v. Arts, 152 Fed. 943, 946, 82 C. C. A. 91, 94, 15 L. R. A. (N. S.) 372.

[3] A careful reading and deliberate consideration of all the evidence in this case relating to the issue of fact determined below has failed to persuade that any error of law or mistake of fact intervened in the consideration or decision by the chancellor of the questions presented to him. To recite or review the evidence upon this subject would be a futile task, for it is so unique that it could not be drawn into precedent, and so voluminous that no one not interested in this case would read it. Suffice it to say, in our opinion it sustains the finding of the Circuit Court, and renders all other questions in this case immaterial.

The decree below is accordingly affirmed.