ROBERTS et al. v. ROBERTS.†

(Circuit Court of Appeals, Eighth Circuit. May 10, 1915.)

No. 4308.

1. APPEAL AND ERROR ☞1012—FINDINGS—CONCLUSIVENESS.

As a general rule, findings will not be disturbed, except on strong proof that they are against the clear weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990-3992; Dec. Dig. ☞1012.]

2. ADOPTION ☞17—ORAL AGREEMENT OF ADOPTION—EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain a finding of an oral agreement by a putative father to adopt his child.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. § 5; Dec. Dig. ☞17.]

3. ADOPTION ☞17—ORAL AGREEMENT—EVIDENCE—DIRECT OR CIRCUMSTANTIAL.

An oral agreement of adoption of a babe need not be proved by direct evidence, and where the parties to the transaction are dead, except the child, the court may find the agreement on circumstantial evidence, provided the statements and conduct of the adopting parent are such as to furnish clear and satisfactory proof that an agreement of adoption existed.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. § 5; Dec. Dig. ☞17.]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit by Myra J. Roberts against Ida R. Roberts and another. From a decree for plaintiff, defendants appeal. Affirmed.

William R. Gentry, of St. Louis, Mo. (M. F. Watts and Edwin W. Lee, both of St. Louis, Mo., on the brief), for appellants.

Ford W. Thompson, of St. Louis, Mo. (William B. Thompson, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. Myra Jane Roberts brings this suit to enforce an alleged oral agreement by Charles J. Roberts, deceased, to adopt her as his child, and to enforce her rights in the estate of Charles J. Roberts, pursuant to such agreement, when established. The trial court found in favor of the plaintiff, and defendants appealed.

[1] There is abundant evidence in the record to support the findings, and unless this case is to be excepted from the general rule that the findings of a trial court will not be disturbed, except upon strong

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Rehearing denied August 23, 1915.

proof that they are against the clear weight of the evidence, the decree should be affirmed. Harrison v. Fite, 148 Fed. 781, 78 C. C. A. 447; Mastin v. Noble, 157 Fed. 506, 85 C. C. A. 98; De Laval Co. v. Iowa Co., 194 Fed. 423, 114 C. C. A. 385; United States v. Marshall, 210 Fed. 595, 127 C. C. A. 231.

[2] We are satisfied from the evidence that Charles J. Roberts was the father of plaintiff. This, together with the conceded fact of his childless married life, gave to him a natural motive and imposed upon him a moral duty to plaintiff and her mother, to make plaintiff his child in law as she was in nature. These two facts enter into all of plaintiff's evidence, giving to it reasonableness and probative force. The record at the time the plaintiff was taken by Mr. and Mrs. Roberts states: "Infant indentured to C. J. Roberts." Upon receiving plaintiff into his family, Mr. Roberts not only gave to her his own name, but the name of his mother. Her foster parents stated repeatedly, both orally and in writing, that they had adopted plaintiff as their child. They treated her as their child. She was baptized in their name. Not until she was a woman grown was she ever permitted to know that Mr. and Mrs. Roberts were not her natural parents. She was then told the facts by her foster mother upon her deathbed, and her conduct at the time shows how completely she had become identified with her foster parents. In our judgment this case falls within the decision of Lynn v. Hockaday, 162 Mo. 111, 61 S. W. 885, 85 Am. St. Rep. 480, rather than Wales v. Holden, 209 Mo. 552, 108 S. W. 89. See also Horton v. Troll, 183 Mo. App. 677, 167 S. W. 1081. By a change in the names, the language used in Lynn v. Hockaday would be equally applicable here:

"The life of that whole family in reference to this child, from the time she was first taken into it until the death of Mr. Lynn, would have to be construed to be a deception and a fraud, if we would give to it the effect that respondents claim for it. It is argued that her relatives were poor, and that she has had in the family of Mr. Lynn a better home and more refined rearing than she would have had if he had not taken her. That may be; but it does not follow as a legal conclusion that the reward was all on her side, or even that it was her gain at all. That she took the place of an only daughter in the lives of Mr. and Mrs. Lynn, and performed her part as such, is the cold fact which the law regards as sufficient consideration to support the contract. How much she added to their happiness the law does not undertake to estimate. * * * Like a bud that has been cut from its natural stem and grafted into a foreign tree, she grew into the family and became a part of its very life. Everything that adoption contemplates was accomplished. It became a contract fully performed on her part, and the statute of frauds cannot be invoked to her injury."

[3] The argument by which we are asked to reverse the decree is that there was no direct and clear evidence of an agreement to adopt at the time Myra J. Roberts was received into the family of Charles J. Roberts. There is good reason why such evidence is wanting. All of the parties to the transaction are dead, and Myra J. Roberts was herself a babe at the time of the adoption. It seems to us that in such a case it is not necessary that the court first have direct proof of the making of the contract, and then proceed forward from the contract thus established to the conduct evidencing its existence. We think it is possible to reverse that process, and if the statements and

conduct of the adopting parents are such as to furnish clear and satisfactory proof that an agreement of adoption must have existed, then the agreement may be found as an inference from that evidence.

The decree is right, and it is affirmed.