SMITH v. SEIBEL et al.

In re SEIBEL.

(District Court, N. D. Iowa, C. D.    June 18, 1919.)

No. 14.

1. EQUITY ⏀⟶409—FINDINGS BY MASTER—CONCLUSIVENESS.

When a master has considered evidence, even when conflicting, and made his findings of fact thereon, they must be taken to be presumptively correct, and, unless some serious mistake has been made in the consideration of the evidence, will be permitted to stand.

2. EQUITY ⏀⟶410(1)—FAILURE TO FILE EXCEPTIONS—QUESTIONS OF FACT.

Where no exceptions are filed to a report of a master within 20 days, as required by equity rule 66 (198 Fed. xxxvii, 115 C. C. A. xxxvii), the report as to the facts should be confirmed; but the legal conclusion of the master upon the facts, when it appears upon the face of the report, may be noticed by the court.

3. BANKRUPTCY ⏀⟶185—RIGHTS OF TRUSTEE TO PROPERTY TRANSFERRED.

In an action by a trustee in bankruptcy to obtain a judgment against a third person, to whom the bankrupt had conveyed property to defraud creditors, only claims which arose within four months immediately preceding the bankruptcy passed to the trustee, under Bankruptcy Act July 1, 1898, § 67e (Comp. St. § 9651), and he could recover a judgment only for the amount of such claims, notwithstanding sections 70a (4) and 70e (section 9654), vesting in the trustee by operation of law, as of the date of adjudication in bankruptcy, the title to property transferred by the bankrupt in fraud of his creditors.

In Equity.   Suit by Leonard M. Smith, substituted for C. A. Bryant, as trustee in bankruptcy of the estate of B. Alvin Seibel, bankrupt, against Cecil Seibel and B. Alvin Seibel.   Decree for plaintiff.

This suit is by the plaintiff, as trustee in bankruptcy of the estate of B. Alvin Seibel, bankrupt, to recover from Cecil Seibel, his wife, and the bankrupt, some $5,195, with interest, as the value of two certain promissory notes secured by mortgages upon real estate, alleged to have been transferred to her by the bankrupt shortly before his bankruptcy, in fraud of his creditors. The defendants answered separately, admitting the transfer by the bankrupt to the defendant Cecil Seibel of the notes and mortgages as alleged in the petition, but each denied that the property was so transferred in fraud of the bankrupt's creditors, and further alleged that the property was transferred by the bankrupt to his wife under a valid agreement and for a valuable consideration.   The matter was referred by the court to a special master with the consent of the parties, June 25, 1918, to take the testimony, find the facts, and report the same to the court, with his legal conclusions, before October 1, 1918.

Pursuant to such reference, the testimony of the respective parties was taken by the special master upon the issues so formed, the facts found and reported by him, together with his legal conclusions to the court on September 28, 1918, recommending a decree for the plaintiff against the defendant Cecil Seibel, and they are now on file with the clerk.   On November 11, 1918, while the cause was being argued, the defendants filed exceptions to the report of the master upon the ground (1) that the legal conclusions of the master are not supported by the testimony, and are contrary thereto; (2) that the said bankrupt was not indebted to creditors at the time of the transfer of the notes and mortgages to his wife, in excess of $400, and, as shown by the testimony, was solvent at the time of such transfer; (3) that the undisputed testimony

⏀⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shows that the transfer of the notes and mortgages to the defendant Cecil Seibel was upon a valid consideration without fraud, and that the master erred in recommending that a judgment and decree be entered in favor of the plaintiff against the defendant Cecil Seibel. The matter was argued orally to the court by counsel for the parties, and each has submitted a typewritten brief in support of their respective contentions.

C. M. Hanson and Robt. Healy, both of Ft. Dodge, Iowa, for plaintiff.

Max Hemingway, of Webster City, Iowa, and Mitchell & Files, of Ft. Dodge, Iowa, for defendants.

REED, District Judge (after stating the facts as above). The master found that the two notes and mortgages involved in this controversy were transferred by the bankrupt to his wife, the defendant Cecil Seibel, about June 28, 1915, with intent to defraud his creditors; that the petition in bankruptcy was filed May 19, 1916; that he was then insolvent; and as a legal conclusion recommends that a decree in favor of the trustee in bankruptcy for the full value of such securities, viz. $5,195, with interest at 5 per cent. from March 1, 1916, and costs, be rendered against her.

[1] The testimony as taken by the master is practically without dispute, and the rule "that when the master or chancellor has considered evidence, even when conflicting, and made his findings of fact thereon, they must be taken to be presumptively correct, and, unless some serious mistake has been made in the consideration of the evidence, will be permitted to stand," should be applied. Tilgham v. Proctor, 125 U. S. 136, 149, 8 Sup. Ct. 894, 31 L. Ed. 664; Kimberly v. Arms, 129 U. S. 512, 524, 9 Sup. Ct. 355, 32 L. Ed. 764; De Laval Separator Co. v. Iowa Dairy Separator Co., 194 Fed. 423, 425, 114 C. C. A. 385 (this circuit). The report of the master that the notes and mortgages were transferred to the defendant Cecil Seibel in fraud of the bankrupt's creditors will be accepted as correct, as there is nothing in the record to show that any error was made by the master in the consideration of the evidence. We shall not, therefore, consider or review the evidence upon which the master has found the facts against the defendant Cecil Seibel, in the absence of any exceptions to the report challenging the findings of fact.

[2] It is the contention of the defendant Cecil Seibel that the recovery by the trustee should in any event be limited to the indebtedness the bankrupt was owing at the time of the transfer, and not to any subsequent indebtedness that he may have incurred thereafter; that creditors subsequent to the transfer of the notes and mortgages to her should not be permitted to attack such transfer upon the ground that it was fraudulent. This question was not put in issue in the case, and no evidence was taken before the master in regard thereto, and he has made no finding or conclusion thereon. This question was first raised in the argument before the court. The present equity rule 66 (198 Fed. xxxvii, 115 C. C. A. xxxvii) provides:

"The master, as soon as his report is ready, shall return the same into the clerk's office, and the day of the return shall be entered by the clerk in

the equity docket. The parties shall have 20 days from the time of the filing of the report to file exceptions thereto, and if no exceptions are within that period filed by either party the report shall stand confirmed. If exceptions are filed, they shall stand for hearing before the court, if then in session, or, if not, at the next sitting held thereafter, by adjournment or otherwise."

The master's report, as we have seen, was filed with the clerk September 28, 1918, prior to the November term of court that year, and, as no exceptions were filed thereto within the 20 days, the report as to the facts, under equity rule 66, stands confirmed, and the defendant is precluded from urging the question thus raised as against the finding of the facts by the master. But the legal conclusion of the master upon the facts so found appears upon the face of the report, and may be noticed by the court.

From the master's report it appears that one E. L. Cavanaugh sustained a personal injury through the alleged negligence of the bankrupt in June, 1915, for which he sued the bankrupt shortly thereafter in the state court for $5,000, and recovered judgment for $700, which, with the costs, has been filed as a claim against the bankrupt estate and allowed as such. The date of this judgment does not appear from anything before the court, but the injury which was the basis of the judgment occurred shortly prior to the transfer of the notes and mortgages to the defendant Cecil Seibel, and there is much ground under the testimony for believing that the securities so transferred by the bankrupt were so transferred in an effort to evade the payment for such injury, to the knowledge of Mrs. Seibel. There is no evidence as to the amount of the indebtedness owing by the bankrupt at the time of the transfer of these securities, nor at the time of the filing of the petition in bankruptcy, other than the injury which is the basis of the Cavanaugh judgment. The petition in bankruptcy was involuntary, and the total amount of the claims of the three petitioning creditors alleged in such petition is some $800 only; and this, with the judgment in favor of Cavanaugh, would amount to some $1,500, besides the interest and costs. There is nothing before the court or in the report of the master to show that there are any other claims filed against the bankrupt estate, but it is admitted by counsel upon this hearing that all claims owing by the bankrupt at the time of the adjudication, other than the Cavanaugh judgment and costs, have been paid or otherwise settled.

The master concludes his report as follows: ·

"That the defendant B. Alvin Seibel was indebted at the time of the transfer of the mortgages to his wife cannot be questioned, although suggestions casting doubt upon this subject were raised in argument by counsel at the hearing. It is without dispute that the Cavanaugh claim for damages was in existence as early as the 20th day of June, 1915, eight days prior to the transfer in question. * * * The burden is upon the transferee in this case to show that the grantor had other property sufficient to pay his debts, and no evidence was introduced by the defendants bearing upon this question. * * * I further find that, since the transfer· of the said mortgages to the defendant Cecil Seibel, she instituted an action to foreclose said mortgages, which was settled, and that she was paid the amount of said mortgages in cash, and that she has since invested a part or all of said cash in real estate in Ft. Dodge, Iowa. My conclusion is that a decree should be entered for the

plaintiff against the defendant Mrs. Cecil Seibel, for the full value of the mortgages in question, in the sum of $5,195, with interest thereon at 5 per cent. per annum, since the 1st day of March, 1916, as provided in said mortgages."

[3] But the property was so transferred by the bankrupt to his wife some 11 months before the petition in bankruptcy was filed. Only the Cavanaugh claims arose within the 4 months immediately preceding the bankruptcy, and under section 67e of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564 [Comp. St. § 9651]) passed to the trustee in bankruptcy, and can be recovered by him for the benefit of such creditor.

It is urged in behalf of the trustee that under sections 70a (4) and 70e (section 9654) the trustee may recover the value of the property fraudulently transferred under these sections, regardless of the four months limitation of section 67e, and some cases are cited in support of such contention; but the purpose of section 70a (4), as expressed therein, is to vest in the trustee by operation of law, as of the date of the adjudication in bankruptcy, the title to the bankrupt's property (other than exempt property) "to all (1) documents relating to his property; (2) * * * patent rights," etc.; "(3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors"—thus vesting him with the right to recover, under section 67e of the act, all property transferred in fraud of creditors within 4 months prior to the bankruptcy, which any creditor of such bankrupt might have avoided under the law of the state, territory, or district where it is situated, and may so recover such property or its value from the person to whom transferred for the benefit of such creditors; otherwise, there might be inconsistency between sections 70a (4), 70e, and 67e. But as the only debt unpaid against the bankrupt estate, which the trustee in this action may recover, is the Cavanaugh judgment and costs, which accrued within the four months immediately preceding the filing of the petition in bankruptcy, such inconsistency, if any there be, is not, therefore, important in this case, unless the master's report might permit a recovery against the defendant Mrs. Seibel for an amount greater than the unpaid indebtedness of the bankrupt, which excess would have to be returned by the trustee, if recovered, to the bankrupt estate.

The report of the master will therefore be modified, so as to limit the amount of the recovery by the trustee against Mrs. Seibel to the amount of the Cavanaugh judgment only, with interest and costs, including any unpaid costs in the bankruptcy proceedings, and the compensation of the master in this proceeding, and the suit will be dismissed as against the bankrupt B. Alvin Seibel.

Decree will be entered accordingly.