## BOYLE et al. v. ROUSSO.

(Circuit Court of Appeals. Eighth Circuit. November 30, 1926.)

No. 7289.

**1. Patents ⚖=28—Patentable mechanical device may be subject-matter of design patent.**

That a design is for a patentable mechanical device does not disqualify it from being the subject-matter of a design patent, if new, the result of invention, and sufficiently pleasing and attractive to the eye.

**2. Patents ⚖=28—"Test of patentability" of design is impression on eyes of ordinary persons.**

The "test of patentability" of a novel design is an affirmative answer to the question: Does it impart to the eyes of ordinary persons, not to those of artists or experts, a pleasing impression?

[Ed. Note.—For other definitions, see Words and Phrases, Patentability.]

**3. Patents ⚖=112(3)—Granting of patent for design raises strong legal presumption of patentability.**

That a patent was granted for a design demonstrates that it made a pleasing impression on the eyes of the examiners and officers of the patent office, and raises a strong legal presumption of patentability.

**4. Patents ⚖=328—42,398, design for towel cabinet, held valid and infringed.**

Rousso design patent, No. 42,398, for design for towel cabinet, held valid and infringed.

**5. Appeal and error ⚖=1009(3)—Findings of chancellor on conflicting evidence will not be disturbed.**

Findings of a chancellor, made on conflicting evidence must be taken as presumptively right, and unless an obvious error has intervened in the application of the law, or some serious mistake has been made in the consideration of the evidence, must be permitted to stand.

Scott, District Judge, dissenting.

Appeal from the District Court of the United States for the District of Minnesota; William A. Cant, Judge.

Suit in equity by Jacques Rousso against R. B. Boyle and others, partners as the Duluth Linen Supply Company. From a part of the decree, defendants appeal. Affirmed.

For opinion below, see 2 F.(2d) 299.

Alfred M. Allen, of Cincinnati, Ohio (Allen & Allen, of Cincinnati, Ohio, on the brief), for appellants.

Joshua R. H. Potts, of Chicago, Ill. (Brayton G. Richards, of Chicago, Ill., and Fryberger, Fulton, Hoshour & Ziesmer, of Duluth, Minn., on the brief), for appellee.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

WALTER H. SANBORN, Circuit Judge. By this appeal the defendants below, Boyle, Robertson, and Burlingame, copartners as the Duluth Linen Supply Company, seek the reversal of that part of the decree which adjudges design patent No. 42,398, issued April 9, 1912, to the complainant Jacques Rousso, for a new ornamental design for a towel cabinet, valid and infringed by the defendants, and that they pay $250 damages and cease their infringement.

On January 5, 1912, Rousso filed in the Patent Office his application for this design patent, and on January 12, 1912, his application for his mechanical patent, No. 1,157,-047, which was issued October 19, 1915, for the towel cabinet described and shown in his design patent. In his complaint in this suit Rousso alleged that he was the first and original inventor of the design disclosed by the design patent, and of the towel cabinet described and shown in his mechanical patent, that those patents were valid, that the defendants had infringed each of them, and prayed for damages, profits, and an injunction against further infringement. The defendants denied the complainant's allegations of his inventions, their infringement, and the alleged damages; the parties introduced at the final hearing on the merits their evidence, and, before the final decree was entered, stipulated that, if the court below should be of the opinion that the complainant was entitled to recover for infringement of the mechanical patent, the amount of damages he should recover should be $336, and, if the court should be of the opinion that he was entitled to recover for the infringement of the design patent, the amount of the damages he should recover should be $250.

The District Court was of the opinion that each of the patents was valid and had been infringed, and rendered a decree for a perpetual injunction against the further infringement by the defendants of either of them during their respective terms; that the complainant recover $336 damages on account of the defendants' infringement of his mechanical patent, $250 on account of defendants' infringement of his design patent, and $164 costs. The defendants appeal from the decree to this court and assign as error only that part of the decree which sustained the design patent and the alleged infringement thereof. The time for a further or other appeal has expired, so that the defendants are now estopped by the decree from asserting that the complainant's patented towel cabinet was not novel, useful, and infringed by the defendants, that his conception, construction, and use of it did not rise to the dignity of a new and useful invention, and that the defendants did not infringe the complainant's exclusive right to make and sell towel cabinets described in that patent.

The desideratum which inspired and induced the invention, manufacture, and sale of the complainant's towel cabinet, and his design of that cabinet, and his application for a patent for that design, was the want of some device for owners and operators of hotels, boarding houses, and other places, where towels for the temporary use of their customers were provided, which would permit such customers freely to take and temporarily use such towels, and yet would securely prevent the towels, during or after their use, from becoming scattered, carried away, stolen, or otherwise lost to their owners or operators. The patented device that satisfied this want, which the complainant conceived, designed, manufactured, and sold, consisted of a towel box with a hinged cover, for clean towels, supported on upright standards, probably about four feet from the floor on which the cabinet stood, a mirror above that box, a square box for soiled towels open at the top, about two feet directly below the box for clean towels, a rod extending from within the box for the clean towels, where such towels properly folded lay strung on the rod by means of gromets or eyelets, so that one who desired to use them could readily open the box, take a towel out, use it, and drop it, and it would then slide down on the rod into the lower box for soiled towels, securely fastened to the rod, so that it could not be removed without, and could be by, the action of the owner or operator, or his agent.

The towel cabinet and its material parts disclosed by the application for the design

patent corresponded with the towel cabinet and its material parts disclosed by the application for the mechanical patent, and the two applications were filed in the Patent Office about the same time. Counsel for the defendants concede that the design disclosed by the complainant's design patent is the design in which Rousso embodied his mechanical structure, but contend that it was not sufficiently pleasing to the eyes, sufficiently ornamental, to be patentable under the act of Congress and the decisions of the courts. There was no evidence at the hearing that any such towel cabinet as Rousso's, comprising a clean towel box above, a soiled towel box below, and a rod extending from the upper box to the lower, in which the towels with eyelets could be strung and secured during their temporary use by customers until the owner should release them, had ever been described, made, used, or sold. His design was therefore broadly novel.

[1] The fact that it was a design for a new, useful, and patentable mechanical device did not disqualify it from the protection of a patent for a design under the act of Congress, if the design itself was new, the result of invention, and sufficiently pleasing and attractive to the eyes. Dietz Co. v. Burr & Starkweather Co. (C. C. A.) 243 F. 592, 594; Ashley v. Weeks-Numan Co. (C. C. A.) 220 F. 899, 901.

[2] The test of the patentability of a novel invented design under the act of Congress and the decisions of the courts is an affirmative answer to the question: Does it impart to the eyes of ordinary persons, not to those of artists or experts, a pleasing impression? Gorham Co. v. White, 14 Wall. 511, 527, 20 L. Ed. 731; General Gaslight Co. v. Matchless Mfg. Co. (C. C.) 129 F. 137, 138, 139; Ashley v. Weeks-Numan Co. (C. C. A.) 220 F. 899, 901, 902; Redway v. Ohio Stove Co. (C. C.) 38 F. 582. In Rowe v. Blodgett & Clapp Co., 112 F. 61, 62, the Circuit Court of Appeals of the Second Circuit concluded that a design of a calk on a horseshoe was not so pleasing to the eyes of ordinary observers as to entitle it to the protection of a patent, and in Ashley v. Weeks-Numan Co., 220 F. 899, 901, that a design for an inkstand was.

[3, 4] The issue of the patent for Rousso's design demonstrated the fact that it made a pleasing impression on the eyes of the examiners and officers of the Patent Office, and raised the strong legal presumption of its patentability which the courts may never lightly disregard. Goessling Box Co. v. Gumb (C. C. A.) 241 F. 674, 679; International Signal Co. v. Vreeland Apparatus Co.

(C. C. A.) 278 F. 468, 471. The evidence in this case successfully established that it proved pleasing and attractive to the eyes of the purchasers of the towel cabinet it described, for they were many and its manufacture and sale was a remarkable commercial success. When the parties to this suit had presented all their evidence and arguments, and the chancellor below had considered them in the discharge of his judicial duty to determine whether the design was or was not patentable, that design proved pleasing to his eyes, and he sustained the patent of it with these remarks: "The dominant features, in general, are determined by the use for which the cabinet is designed. Having in mind that use, the cabinet approves itself to the mind as appropriate thereto and its lines—its general appearance and effect —are pleasing to the eye, and have met with a generous measure of public favor." In the light of the established test of the patentability of this design, the facts in this case, and the controlling decisions of the courts, it and the towel cabinet in which it is embodied is pleasing to our eyes, and the patent for it is sustained.

Was there error in the holding of the court below that this design was infringed? The defendants still contend, as they did in the court below, that the towel cabinet which they manufactured and sold in competition with the complainant's patented design and the cabinet which embodied it did not infringe the design, although they are now estopped by the decree from claiming that it did not infringe the patent for the cabinet. The towel cabinet, which the defendants manufactured and sold in competition with that of the complainant, substituted for the complainant's upper box for the clean towels a shelf holding the towels, for the rod on which the towels were strung a chain on which they were strung, and for the lower box a basket or rack. These changes did not materially vary the general appearance of the cabinet. Its shape, lines, and proportions remained practically the same. In the leading case of Gorham Co. v. White, 14 Wall. (81 U. S.) 511, 528 (20 L. Ed. 731), the Supreme Court, after extended consideration of the test for infringement of a design patent said: "We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

[5] An application of this test and rule to

the design patented to the complainant and to the towel cabinet of the defendants has convinced that their resemblance is such as would be likely to deceive ordinary observers and purchasers and cause them to purchase one of them supposing it to be the other. The chancellor who tried this case reached that conclusion, and when the chancellor has considered conflicting evidence, and made his finding and decree thereon, they must be taken to be presumptively right, and, unless an obvious error has intervened in the application of the law, or some serious mistake has been made in the consideration of the evidence, they must be permitted to stand. Tilghman v. Proctor, 125 U. S. 136, 8 S. Ct. 894, 31 L. Ed. 664; Furrer v. Ferris, 145 U. S. 132, 134, 12 S. Ct. 821, 36 L. Ed. 649; Coder v. Arts (C. C. A.) 152 F. 943, 946, 15 L. R. A. (N. S.) 372; De Laval Separator Co. v. Iowa Dairy Separator Co. (C. C. A.) 194 F. 423, 425.

We discover no such error of law or mistake of fact in the action of the court below, and the decree must be affirmed.

It is so ordered.

SCOTT, District Judge (dissenting). I am unable to concur with the conclusions of the majority in this case. In my opinion the plaintiff has not "invented any new, original, and ornamental design for an article of manufacture," within the intent and meaning of section 4929 of the Revised Statutes as amended (Comp. St. § 9475). Assuming the correctness of the conclusion of the majority in that respect, however, still, in my opinion, the defendant did not infringe.

The plaintiff describes his invention, the subject of Rousso design patent No. 42,398, for an ornamental design for a towel cabinet, as follows: "In the particular embodiment of my design shown in the drawing the standards A support a mirror B at their top. Below this is a box or cabinet C containing clean towels. Directly underneath the box C is a receptacle D for soiled towels."

The claim is: "The ornamental design for a towel cabinet as shown." The structure illustrated is, in my opinion, as devoid of ornamentation as possible. It is a plain upright rectangle, about 6 feet high and 18 inches wide; the corner posts projecting below the lower box to serve as legs. It has in general appearance a very strong resemblance to the folding cabinet described in Grant design patent No. 25,783.

"A patentable design may consist of a new and ornamental shape given to an article of manufacture, or of an ornamentation to be placed upon an article of old shape. The design law was intended to encourage the decorative arts, and therefore deals with the appearance, rather than the structure, uses, or functions, of the article. The design must be novel, and must have called for an exercise of the inventive faculties, as distinguished from ordinary skill. The patentability of a design does not depend on its aesthetic value. The design act, as construed by the courts, intends that the patentability of a design shall be determined by its appeal to the eyes of the ordinary man, and not to the eyes of a jury of artists. The same rules as to construction and validity apply as in the case of mechanical inventions." 30 Cyc. 827.

The above rule was approved in Rowe v. Blodgett & Clapp Co., 112 F. 61, by the Court of Appeals of the Second Circuit.

The general appearance of the structure follows the dictates of obvious convenience and necessity. It is as high but no higher than meets the demands of its utility. It is as wide and no wider than necessary to hold an ordinary folded towel. It follows the usual principles observed by the cabinet maker in forming the plainest articles of furniture. As I have stated, it evinces an effort at economy of construction at the expense of all ornamentation. I do not think the design shows any inventive genius as directed to the production of the ornamental.

Assuming, however, that the design evinces patentable characteristics, in my opinion it was not infringed. The appellants' design, which is challenged, does not present the same general appearance as the design described and illustrated in the Rousso patent. Rousso, in describing his design, says: "In the particular embodiment of my design shown in the drawing the standards A support a mirror B at their top. Below this is a box or cabinet C containing clean towels. Directly underneath the box C is a receptacle D for soiled towels." Taking up the elements of this embodiment seriatim we find: First, as to the mirror, the defendant omits this element entirely, and modifies the height and shape of the top. Second, the box or cabinet C containing clean towels. This box or cabinet is omitted, and a plain board or simple shelf substituted. In the one case the Rousso box or cabinet conceals the supply of folded towels from sight. In the defendant's device the towels lay upon the shelf in plain sight. Third as to the receptacle D for soiled towels. In the Rousso device is a high inclosed box into which the

soiled towels may drop and be concealed entirely from sight. In the defendant's device there is no box, but a basket or receptacle, made of open slats, which expose the dirty linen to view.

In the majority opinion it is said: "The test of the patentability of a novel invented design under the act of Congress and the decisions of the courts is an affirmative answer to the question: Does it impart to the eyes of ordinary persons, not to those of artists or experts, a pleasing impression?" The proposition stated, of course, cannot be questioned, for it embodies the idea that the design must be invented. But the test of patentability is not necessarily the test of infringement. The Supreme Court of the United States in Gorham Company v. White, 14 Wall. at page 528 (20 L. Ed. 731), lays down the test of infringement in clear and unreserved language as follows: "We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

Now it does not seem to me possible that an ordinarily observant and intelligent purchaser, having seen or had described to him the Rousso design, with its neatly framed mirror on a level with his eyes, with the neatly inclosed cabinet concealing the supply of towels, with the high box below entirely concealing the soiled linen, would be even confused, let alone deceived, when confronted with the defendant's device, with no mirror, a plain shelf with the supply of clean towels in view, and the openwork basket for dirty linen below.

I am constrained to the opinion that the case should have been reversed, both on the question of the patentability of the Rousso design and upon the question of its infringement by the defendant's device.