## PALM v. PALM'S ESTATE.

### No. 2932.

Court of Civil Appeals of Texas. Eastland.

May 30, 1952.

Rehearing Denied June 27, 1952.

Malcolm Schulz, Abilene, for appellant.

Thomas L. Blanton, Albany, for appellee.

COLLINGS, Justice.

An application to probate the will of Mrs. Valina Palm, deceased, was brought in the County Court of Shackelford County, Texas, by Frederick Nelson Palm and Mary Corrine Palm. Oliver Palm, a son of deceased, contested the probate of the will and after a hearing, the County Judge admitted the will to probate on July 23, 1951. Petitioners, Frederick Nelson Palm and Mary Corrine Palm, were appointed independent executors without bond.

No appeal bond was filed by Oliver Palm but on July 30, 1951, he filed an affidavit which by its terms, indicated his desire to appeal to the District Court of Shackelford County, Texas, and stated therein that he was "unable to pay the costs of appeal or any part thereof or to give security therefor." The affidavit did not comply with Rule 333, Vernon's Texas Rules of Civil Procedure which requires a provision therein to the effect that affiant "has made diligent efforts to give such bond and is unable to do so by reason of his poverty". The affidavit was contested by the executors of the will, and after a hearing in the County Court on August 13, 1951, it was found by the order of the court to be sufficient and was accepted in lieu of an appeal bond. Frederick N. Palm and Mary Corrine Palm duly objected and excepted to the action of the court. Pursuant to such order, a transcript of the orders and proceedings of the County Court, together with all of the original papers in the case, were duly certified and filed in the District Court on August 17, 1951. The executors filed another contest of the affidavit of inability to pay costs in the District Court. Upon a hearing of the mat-

ter in that court on October 6, 1951, an order was entered striking such affidavit and dismissing the attempted appeal from the County Court. From the order of dismissal, Oliver Palm has brought this appeal.

■ It is contended in appellant's first point that the court erred in sustaining appellee's motion to dismiss the appeal from the County Court on the ground of an insufficient affidavit of inability to pay court costs. Rule 333, supra, provides that where a party who desires to appeal is unable to give an appeal bond it shall be sufficient if he timely files with the County Clerk an affidavit that he "has made diligent efforts to give such bond and is unable to do so by reason of his poverty". There was no such allegation in the affidavit filed by appellant. Appellees contested the affidavit in the County Court on that ground and objected and excepted to the action of the County Court in accepting it. They contested the affidavit again in the District Court. The affidavit was subject to the objection made and the District Court did not err in sustaining appellee's motion to dismiss the appeal from the County Court.

■ Appellant urges that a substantial compliance with Rule 333, supra, is shown when his affidavit is considered together with his sworn testimony at the hearing in the County Court. There is no showing as to the status of the testimony, if any, in the County Court in this regard, other than the following recitation or finding in the County Court judgment:

"* * * the only person said Oliver Palm asked to sign an Appeal Bond was his son, John Henry Palm, who now owes Oliver Palm $300.00 above all rents for building three new houses and remodeling and repairing a fourth residence in Albany, and that the only person Malcolm C. Schulz requested to sign an Appeal Bond was a Mr. Gurney of Cisco, Texas, and that said John Henry Palm and Mr. Gurney refused to sign, and that said Oliver Palm as an expert carpenter receives $1.25 and $1.35 per hour for his work when he works, and that while said Oliver Palm did not state in his affidavit that he has

made diligent efforts to give such bond and is unable to do so 'by reason of his poverty' as set forth in Rule 333 of the Rules of Civil Procedure of the State of Texas, still the Court believes that the said Oliver Palm is entitled to appeal this case."

■ This finding does not support appellant's contention. It does not show that he made diligent effort to give bond. The statement of facts shows no testimony whatever by appellant in the District Court. Rule 333 requires an allegation in the affidavit itself to the effect that diligent effort has been made to give bond but that the appellant is unable to so by reason of his poverty. Where there is no such allegation in the affidavit and it is contested on that ground, we are of the opinion that a substantial compliance would not be shown even if the record did contain testimony to the effect that diligent effort was made to give bond.

■ Appellant's second point complains that the court did not allow a reasonable time to amend said affidavit of inability to pay costs and cites the case of Cavanaugh v. Davis, Tex.Civ.App., 231 S.W.2d 959; Id., Tex., 235 S.W.2d 972, which held proper the action of a District Court in granting the request of an appellant from the County Court to amend such an affidavit to meet substantially the same objections as here made. On August 17, 1951, the date upon which the transcript of appeal from the County Court was filed in the District Court, appellant filed with the County Clerk a motion for leave to amend the affidavit of inability to pay costs. The motion was addressed to the Judge of the County Court who testified in the District Court hearing that he did not act upon the motion because the matter had passed into the hands of the District Court. On the same day the County Clerk filed the motion to amend with the papers in the District Court. There is no showing that the motion was ever presented to or acted upon by the District Court. No order concerning such motion is shown in the record. On October 6, 1951, after a hearing, the order dismissing the appeal from the Coun-

ty Court was entered by the District Court and there was no reference in this order to the motion for leave to amend. No objection or exception was made therein complaining of the failure of the Court to allow additional time to amend. The only exception noted was to the action of the court in striking the defective affidavit and dismissing the appeal. After the motion to amend was filed in the District Court on August 17, 1951, appellant had 50 days in which he could have made the amendment before the order of dismissal was entered on October 6, 1951. He did not amend the affidavit to include the provision required by Rule 333, supra, during all of this period nor did he complain to the District Court of the failure to grant additional time. Under these circumstances, it cannot be said that the District Court erred in not allowing appellant a reasonable time to amend his affidavit of inability to pay court costs.

The judgment of the trial court is affirmed.

LONG, J., not sitting.